[No. 3938.]

BREWER ET AL. v. HARRISON ET AL.

| 27   349
| 15a 445

| 27   349
| f38  170

1. MORTGAGES—PUBLIC TRUSTEES—EXTENSION OF CONTRACT—STATUTORY CONSTRUCTION.

The act of 1894 creating the office of public trustee, and providing that any deed of trust naming any other trustee shall be deemed a mortgage and be foreclosed only through the courts, but which further provides that the act shall not affect the extension of any indebtedness secured by deed of trust executed and recorded prior to the time when the act took effect and that such deeds of trust may be foreclosed as by their terms provided whether to secure the original indebtedness or an extension thereof, cannot be limited to a mere extension of time without any change of terms, but must be construed to permit the parties to arrange an extension upon such terms as they may mutually agree, and must necessarily authorize the execution of agreements evidencing such extensions.

2. SAME.

An agreement of extension of time of an indebtedness, secured by deed of trust, whereby a third party assumed the indebtedness and promised to pay the debt in gold, which agreement was accepted by the obligee, did not take the contract without the provision of the statute of 1894 authorizing the extension of time of indebtedness secured by deed of trust without affecting the trustee's right to foreclose.

3. DEEDS OF TRUST—SUBSTITUTE TRUSTEE—RIGHT OF ORIGINAL TRUSTEE TO PURCHASE AT SALE BY SUBSTITUTE.

Where a deed of trust provided that in case of the absence of the trustee from the state the *cestui que trust* might nominate and substitute any person in place of the trustee who should be vested with the title and all the powers of the original, and the trustee being absent a substitute was appointed who proceeded to foreclose, the appointment of the substitute did not divest the original trustee of his character as trustee for the parties, so as to authorize him to purchase at the sale, and a purchase by him at the sale may be avoided, and the fact that he purchased only as the representative of and for the benefit of another would not validate the sale.

4. DEEDS OF TRUST—FORECLOSURE—VOID SALE—REDEMPTION.

Where a foreclosure sale under a deed of trust is void at the election of the owner of the equity of redemption, he is not required to redeem or to offer to redeem from such sale, but may treat the proceedings as though there had been no foreclosure.

5. DEEDS OF TRUST—FORECLOSURE—ACTION TO SET ASIDE—PARTIES.
Where the grantor in a deed of trust conveyed his equity of redemption
    before foreclosure, and at the foreclosure sale the property did not
    sell for enough to pay off his note, both he and his grantee of the
    equity of redemption have sufficient interest and are proper par-
    ties to maintain an action to set aside the foreclosure sale on the
    ground that it was illegal and void.

6. DEEDS OF TRUST—CONTRACTS—ASSUMPTION OF DEBT.
Where the grantor in a deed of trust conveyed a one-half interest in the
    property to a third party, his grantee assuming an obligation to
    pay the mortgage debt, and afterwards and before a foreclosure,
    said grantor conveyed his interest, in an action by said grantor and
    his last grantee to set aside an illegal foreclosure sale the first
    grantee who has assumed the mortgage debt could properly be
    made a party to compel him to comply with his contract and pay
    the mortgage debt or place his grantor and his successor in inter-
    est in *statu quo*, said grantor and his successor offering to carry out
    their part of the contract.

*Appeal from the District Court of Arapahoe County.*

ACTION by appellants, respectively plaintiff and intervenor,
in the court below, to set aside a trustee's sale of real estate
under deed of trust, and for other relief. From a judgment
of nonsuit, they bring the case here on appeal. The necessary
facts for an understanding of the errors assigned and ques-
tions decided will be found in the opinion.

Mr. CHARLES D. HAYT and Mr. ERNEST KNAEBEL, for
appellants.

Mr. W. C. KINGSLEY, for appellees.

MR. JUSTICE GABBERT delivered the opinion of the court.

In January, 1890, appellant Brewer executed and delivered
to the appellee insurance company his promissory note, which
he secured by deed of trust on real estate in the city of Den-
ver, with power of sale vested in the trustee. This note
matured in January, 1895. In March following he entered into
an agreement with the appellees Harrison, whereby he agreed

to, and did, convey to them an undivided one-half interest in the property included in the deed of trust, in consideration whereof they assumed certain obligations. May following these appellees entered into an agreement with the insurance company, whereby they assumed the payment of the note executed by Brewer, and promised to discharge it in gold coin, in consideration whereof the time of payment of the note was extended and the rate of interest reduced. By this agreement it was also stipulated that the conditions of the deed of trust securing the note should not be modified, except as to the time of payment of the note, and the rate of interest thereon. In 1894 an act was passed by the legislature of this state, creating the office of public trustee in each county, which provided that any deed of trust naming any other as trustee than the public trustee, should be deemed a mortgage, and foreclosed only through the courts. Sec. 4556, 3 Mills' Ann. Stats. The act also provided that it should not affect the extension of any indebtedness secured by deeds of trust executed and recorded prior to the time when it took effect, and that such deeds of trust might be foreclosed as by their terms provided, whether to secure original indebtedness or an extension thereof. Sec. 4559k, 3 Mills' Ann. Stats. The indebtedness not having been paid in accordance with the terms of the agreement between the Harrisons and the insurance company, the trustee advertised and sold the real estate described in the deed of trust, in accordance with its terms and conditions.

Counsel for appellant contend that the acceptance by the insurance company of new obligors, and the stipulation that the original indebtedness should be paid in gold coin, constitute such a change in the character of the contract as to take it without the provisions of the statute regarding extensions of indebtedness secured by deeds of trust in force before the act of 1894 took effect, and that a foreclosure could only be had by an action in a court of competent jurisdiction. Literally, the term "extension," as employed in the statute, means "an indulgence by giving time to pay a debt, or perform an

obligation;" but did the legislature intend that an extension of an indebtedness secured by deed of trust in force when the act of 1894 took effect, should be limited to a mere agreement to that effect? "The intention of an act will prevail over the literal sense of its terms." Suth. Stat. Constr. § 219. It is the vital part or the essence of a statute. Suth. Stat. Constr. § 234. It is a canon of interpretation, that the legislative purpose and object are to be borne in mind. 23 Ency. Law, 319; *People v. La Combe*, 99 N. Y. 43.

It was certainly the purpose of the legislature, in providing for extensions of indebtedness secured by deeds of trust, then in force, that such arrangements might be made without affecting the other terms and conditions of the contract thus changed. It also had in mind, as stated by counsel for appellants in their brief, "the hardship that would be worked upon creditors, unless an extension could be allowed." To make this provision effective, it certainly could not be limited to a mere extension, for the very object of the statute might be defeated unless the parties were permitted to arrange an extension on such terms and conditions as they might mutually agree upon; so the provision of the statute authorizing extensions of indebtedness without affecting the terms and conditions of the deed of trust securing the indebtedness so extended, must necessarily authorize the execution of agreements evidencing such extensions as the parties thereto might agree upon, and such agreements would not affect the conditions of the deed of trust, except as modified thereby. For these reasons, the terms upon which the indebtedness secured by the deed of trust executed by Brewer was extended, did not affect the other conditions of that instrument.

The next question presented for consideration relates to the charge in the pleadings of appellants, and the evidence introduced at the trial in support thereof, that the appellees conspired to bring about the default in the payment of interest on account of which the foreclosure was had, with the view to cheat and defraud them out of the property in controversy. We do not deem it necessary to go into this ques-

tion, as, for other reasons, the judgment of the district court must be reversed, even though there is no proof of actual, active fraud.

The important question necessary to consider is presented by the following facts: Appellee Needles was the original trustee. He was also the president of the insurance company. The deed of trust provided that in case of his absence from the state when his action under the powers and trusts conferred was required, that the *cestui que trust* might nominate and substitute any person as trustee in his place, and that such new trustee should thereupon, for the time being, become vested with the title to the mortgaged premises upon the same trusts, and with and subject to the same powers and provisions granted to the original trustee. Mr. Needles resided in Philadelphia. Acting upon the authority conferred by the deed of trust, and assuming that the condition existed which authorized its exercise, the *cestui que trust* appointed the trustee who made the sale of which appellants complain. At the sale counsel for the *cestui que trust* bid in the property for Mr. Needles, who became the purchaser, and to whom a deed was executed by the substituted trustee. In the answer of Mr. Needles and the insurance company, it is averred that this purchase was made for the benefit of the latter, and that the former held the title acquired at the sale in trust for the use of the company. Counsel for appellants contend that although another was appointed trustee to make the sale which is attacked in this action, that, nevertheless, Mr. Needles still bore such a relation to the property thus sold and appellants, that he was precluded from purchasing at the sale made by the substituted trustee. The rule is well settled that a trustee cannot become the purchaser of the trust estate. *French v. Woodruff*, 25 Colo. 339. At least, this seems to be the settled law in cases where the trustee acts in that capacity only as the agent of others, and has no interest of his own to also manage or control. The fact that the condition existed which authorized the company to appoint a new trustee in the place and stead of Mr. Nee-

dles, did not divest him of his character as trustee for the parties to the deed of trust; it authorized the substituted trustee to conduct the sale and execute a deed to the purchaser the same as though he had been expressly named in the deed of trust, with that power and authority; but to all intents and purposes, the original trustee still occupied that relation to the mortgagor and the *cestui que trust*. The substituted trustee was appointed for a special purpose. For all other purposes Mr. Needles was still trustee. He could not abrogate his fiduciary character temporarily, in whole or in part, so as to relieve himself of the duties which he owed the parties for whom he was trustee, if he undertook to perform any acts whatever in connection with the trust estate. If he could, then the door through which fraud might be committed by trustees would be opened, to prevent which the policy of the law demands shall remain closed. Any other rule in such cases would lead to connivance and fraud. In the selection of a trustee in a deed of trust, the parties thereto are supposed to have in mind his fitness for the trust which they have selected him to execute. By reason of his relationship, he has the opportunity to acquire more or less knowledge directly connected with the subject-matter of his trust. This he should not be permitted to take advantage of for his own benefit. One trustee cannot purchase at a sale made by his cotrustee; if he does, his purchase may be avoided. In order to do so, it is not necessary to show actual fraud, or that the trustee purchasing has reaped any benefit from the purchase. As has often been said, it might be extremely difficult to prove actual fraud, although as a matter of fact, it might exist, and the law, therefore, has adopted the only policy which will protect all parties, and prevent the temptation to commit a fraud, by absolutely prohibiting the trustee from purchasing at such sale, without the consent of all parties interested, and declaring such a purchase voidable at their election. *Gaines v. Allen*, 58 Mo. 537; *Coffee v. Ruffin*, 4 Coldwell (Tenn.), 487; 2 Jones on Mortgages, § 1877; *Thornton v. Irwin*, 43 Mo. 153.

The fact that Mr. Needles in this instance may, as he claims, have purchased this property for the benefit of the insurance company, and holds the title in trust for that purpose, cannot change the rule. Under the policy of the law, the fact that he is the purchaser is sufficient to avoid the sale, without respect to the question for whose benefit such purchase was made.

On behalf of appellees it is claimed that appellants are not in a position to attack the validity of the trustee's sale, for the reason that, although such sale might be voidable at their election, they cannot avail themselves of this privilege, unless they offer to do equity, which, in this instance, counsel for appellees insist is an offer to redeem, that is, to pay the amount, with interest, which was realized at the trustee's sale, and applied upon the obligation secured by the deed of trust. Appellants are not compelled to redeem from a sale which, at their election, is void. The sale not having been made according to law, appellees cannot insist, as a condition precedent to setting it aside, that appellants be required to comply with conditions before they can take advantage of the misconduct of the appellees. In other words, the foreclosure at their election being void, they have a right to treat the proceedings as though no foreclosure had ever been had. *Lewis v. Hamilton,* 26 Colo. 263.

It is also claimed on behalf of appellees, that neither of the appellants is entitled to maintain this action. This contention is based upon two grounds: (1) That the appellant Brewer, having disposed of his interest in the property to the investment company, has no further interest in the subject-matter of the controversy; and (2) that the investment company, although vested with the interest of Brewer, subject to the deed of trust, is not vested with any right which entitled it to question the irregularity of the foreclosure proceedings. We cannot agree with either of these positions. The test is, have the appellants any interests to protect? The transfer of the interest of Brewer to the investment company in these premises, was prior to the fore-

closure. Although he has no interest in the premises, he has the right to insist that proceedings foreclosing a deed of trust which secures his personal obligation, be regular, for he is at least interested to the extent of having that obligation satisfied as nearly as possible, thus releasing his personal liability to that extent. The sale did not satisfy the amount of his note. The investment company being vested with an interest in the property subject to the incumbrance sought to be foreclosed, has also the right to insist that proceedings to that end be regular, as it would be entitled to its interest in any of the property remaining after the note secured by the deed of trust was satisfied, or its share of the funds which might be realized on a legal foreclosure over and above the amount necessary to satisfy such note.

The final question to consider, is, whether or not a cause of action was stated or established against the appellees Harrison. They failed to carry out their contract made with appellant Brewer. Do the facts established by the pleadings, or does the evidence as to those which may have been controverted, establish a state of facts which excuse their failure to comply with the terms and conditions of their agreement with Mr. Brewer? They admit that they failed to pay the instalment of interest which, under their agreement, they should have paid, and on account of which failure the foreclosure was had. They plead as an excuse for this action that Mr. Brewer had conveyed his interest in the premises to the investment company, thereby placing himself in a position where he was unable to carry out the terms and conditions of his agreement with them. In his complaint appellant Brewer prays that the court determine his obligations in the premises, and fix the time within which he shall perform the same. The investment company does likewise. This must be taken to mean that each of the appellants offers to do equity, that is, comply with the terms and conditions of the agreement between the Harrisons and Brewer. Neither of the appellants seeks to avoid this contract in any way, shape or form. The Harrisons must do what they have

agreed with appellant Brewer to perform, or else place him and the successor of his interest in the premises in *statu quo*, the Harrisons, of course, being entitled to be placed in the same position, if the contract between themselves and Brewer is rescinded. They have not excused their refusal to comply with this contract, and the court clearly erred in granting a nonsuit as to them; it should have taken an account between the appellants and the appellees Harrison, and fixed the rights and duties of each of these parties.

According to the agreement entered into between the Harrisons and Brewer, each assumed certain obligations. It is not necessary to enter into details or attempt to construe it, further than to say, it is manifest from its terms and conditions, that after payment of the several sums by the respective parties as therein provided, any money realized, over and above the amount necessary to pay such sums, should be divided between them, or in the event each paid the amount which, by the agreement, each should discharge, that then the property should belong to the respective parties. As the terms and conditions of this contract have not been complied with, the parties thereto must now either do so, or accept the consequences flowing from a failure.

The judgment of the district court in its entirety must be reversed, and it is so ordered. The judgment of nonsuit should be set aside, and a judgment entered, holding for naught the trustee's sale, and annulling the deed from the trustee to Mr. Needles. An account between the appellants and the appellees Needles and the insurance company, should be taken, to ascertain what sum or sums have been received by either of these appellees, which should be credited upon the indebtedness secured by the deed of trust, as evidenced by the extension agreement, as well as any other items which should be so credited, and an order made, directing that these appellees give the appellants credit accordingly. An account should also be taken between the appellants and the appellees Harrison; their rights ascertained under the agreement entered into between these parties and Mr. Brewer; and

a decree rendered as between them, fixing and providing for the enforcement of their rights under the agreements by which they are evidenced, so that each will be required to do that which is equitable and just thereunder, or accept the consequences resulting from a default. For the purpose of an accounting, all parties should be permitted to file supplemental pleadings, if so advised. The cause is remanded for such further proceedings as will accord with the views herein expressed.

*Reversed and remanded.*