[Sac. No. 767.   Department One. — August 13, 1901.]

MARGARET   COPSEY,   Appellant,   v.   SACRAMENTO BANK, Respondent.

133   659
133   655
133   659
f140   79
140   80

TRUST DEEDS — INDEBTEDNESS TO BANK — SALE BY TRUSTEES INTERESTED IN BANK — PURCHASE BY BANK — VALIDITY. — Where a trust deed, with knowledge of the grantor, was executed to trustees, who were stockholders and directors in a bank, to secure indebtedness of the grantor to the bank, the trustees were entitled to act under the trust, notwithstanding their interest in the bank, and upon a proper sale by them to satisfy the debt, the bank, which, as such, occupied no fiduciary relation in the transaction, was entitled to purchase as the highest bidder, and a deed to it by the trustees, if regularly made in accordance with the deed of trust, is valid.

ID. — RULE OF EQUITY — VOID PURCHASE BY TRUSTEES — EXCEPTIONAL CASES — PURCHASES UNDER POWER IN MORTGAGE OR TRUST DEED — REDEMPTION. — The rule of equity, that trustees are forbidden to purchase at their own sale, and that such purchases are in general void, does not apply in the exceptional cases of powers of sale under mortgages and trust deeds, so as to render void the purchase by the mortgagee at his own sale under the power, or the purchase by a bank who is the beneficiary under a trust deed from trustees who are interested in the bank, and who have sold to it under the power contained in the deed. In such exceptional cases, the sale will not be set aside in equity, without an offer to redeem.

ID. — ACTION TO SET ASIDE SALE — INJURY NOT SHOWN — REDEMPTION NOT SOUGHT. — An action cannot be maintained to set aside the sale to the bank on the ground that the trustees sold the trust estate to a bank in which they were financially interested, where no injury to the plaintiff is averred, and he does not seek or offer by his complaint to redeem from the sale.

ID. — SALE NOT MADE BY TRUSTEES TO THEMSELVES — RIGHTS OF BANK AS PURCHASER. — The trustees, though stockholders and directors of the bank, were not the bank, which was a distinct entity, and the sale to the bank by the trustees was not a sale to themselves, but to a distinct purchaser, entitled to bid at the sale, and to enforce a deed to it as the highest bidder.

ID. — DIRECTORS AND STOCKHOLDERS DEALING WITH CORPORATION — INJURY NOT SHOWN. — The directors of a corporation may deal with the corporation, and no stockholder can complain of the transaction, if it is not shown that he has been injured thereby. So, also, if those who are directors and stockholders have made a sale to the corporation as trustees under a trust deed, neither any stockholder of the corporation, nor the grantor of the trust deed, can complain of·the sale, if not shown to be damaged thereby.

APPEAL from a judgment of the Superior Court of Sacramento County. Matt F. Johnson, Judge.

The facts are stated in the opinion of the court.

J. F. Ramage, for Appellant.

Freeman & Bates, for Respondent.

GAROUTTE, J. — Plaintiff was the owner of a tract of land, and as security for the payment of a debt owing to the Sacramento Bank, she transferred the title thereof by deed of trust to Coleman and Hamilton as trustees. Having failed to satisfy the debt when due, the trustees sold the property to the bank, and a deed to it followed. The present action is brought to set aside the sale and cancel the deed, upon the ground that the sale was void. A demurrer was sustained to the complaint, and the sufficiency of plaintiff's pleading in her allegations of fact is the question presented upon this appeal.

Equitable relief is sought upon the ground that Coleman and Hamilton, while acting as trustees of plaintiff, were stockholders and directors of the defendant, and that fact being true, they could not sell the property to the defendant. By this claim it is sought to invoke the broad principle of equity, that trustees are forbidden to purchase at their own sale. Indulging in presumptions against the pleader, it will be presumed that these trustees were stockholders and directors of defendant at the time the trust deed was given, and it will be further presumed that plaintiff, at the time of the creation of the trust, knew that fact. Under such a state of facts, there can be no question but that Coleman and Hamilton were entitled to act as trustees of the trust created by the deed. (*Cassady* v. *Wallace*, 102 Mo. 580; *Foster* v. *Latham*, 21 Ill. App. 165; *Darst* v. *Bates*, 95 Ill. 513; *Hamill* v. *Copeland*, 26 Col. 181.) In the case of *Benham* v. *Rowe*, 2 Cal. 387,[1] it is conceded that the

[1] 56 Am. Dec. 342.

trustee to sell under a mortgage may be the mortgagee himself.

The reply brief declares: "The very foundation of appellant's right to the relief demanded is based upon the fact that her trustees sold the trust estate to a corporation in which they were financially interested." The general right of trustees to purchase at their own sales is well understood to be prohibited (*Broder* v. *Conklin*, 121 Cal. 282), but the class of cases illustrated by the one at bar may be said to be *sui generis* and exceptional. For, notwithstanding the general principle of equity which forbids trustees dealing with the trust property in any way looking toward their own private advancement, it is a well-settled principle of law that the mortgagee who is vested with the power to sell for breach of condition may purchase at his own sale. This principle is recognized in the early California case already cited, and in many other jurisdictions. All the decisions upon this state of facts go to the effect that the sale is not void, but voidable only by the mortgagor. As to all other persons, it is a valid sale, and vests title in the trustee. It is said in *Allen* v. *Ranson*, 44 Mo. 267:[1] "Admitting the relation between the parties, and that the plaintiff was the actual purchaser, is it true that the sale was void, and that the purchaser acquired no title? It is well settled that a mortgagee with power of sale is a trustee as well as a creditor, and that at his own sale he cannot become a purchaser, either directly or indirectly, so as to cut off the equity of redemption. But such a sale is not void. It is good as to all the world, and for all purposes, excepting only that the mortgagor still has the right to pay the debt and redeem the land. Purchases by some classes of trustees at their own sales are sometimes treated as void, but never in sales of this kind. The subject was fully considered in *Thornton* v. *Irwin*, decided at last January term (43 Mo. 153), where we held that the mortgagor had a right to redeem notwithstanding the sale; but I know of no case in this or any other court where such sales are treated as a nullity."

In the foregoing class of cases it has been held that the mortgagor retained the right to redeem. In other words, the trustee being the purchaser, equity would not allow the beneficiary to suffer loss by the transaction, and would extend to

[1] 100 Am. Dec. 282.

the mortgagor the right of redemption, as the most direct and complete way of rendering unto him full justice. In those cases it is apparent from the general tenor of the decisions that an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize. It seems, therefore, that in this exceptional class of cases the general principle of equity, as bearing upon the conduct of trustees in dealing with the trust property for their own benefit, has been relaxed. In a case presenting the facts found in this record it may be said that in order to support an action to set aside the sale, some injury to plaintiff must be averred. Upon the other hand, if it be conceded that an action to redeem could be maintained, then it is sufficient to say that plaintiff has not sought relief in that way.

Viewing this case from the other side, it cannot be said that the facts disclose a sale by trustees to themselves. Coleman and Hamilton, the trustees, though directors and stockholders of the defendant bank, were not *the bank*. *Non constat* but they, as directors, opposed the purchase of the property by the bank. The bank was essentially an entity acting for itself. It is difficult to see how the trustees could have refused to accept its bid if it had been the highest bidder. Their duty to the trustor would not have allowed them to do so. The bank, as such, occupied no fiduciary relation in the transaction, and therefore, clearly, was entitled to bid at the sale; and being the highest bidder, it would seem that a decree in equity would issue against the trustees to compel the execution to it of a deed.

Again, it is well settled that a director may deal with his corporation; he may advance it money by way of loan, or even sell it property. (*Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 587; *Buell* v. *Buckingham*, 16 Iowa, 284.[1]) Such contracts are voidable at the instance of the beneficiary, but are not void; and in order to avoid them, injury must be shown. Many cases are cited to this point in *Smith* v. *Ferries and Cliff House Ry. Co.*, 51 Pac. Rep. 717. *Kitchen* v. *St. Louis etc. Ry. Co.*, 69 Mo. 224, contains an exhaustive review of the law bearing upon facts largely similar in principle to those of the case at bar.

These trustees of plaintiff, being directors of the corporation,

---

[1] 85 Am. Dec. 516.

were trustees of the stockholders of the corporation, and it would therefore necessarily follow, that if this action may be maintained, and the relief here sought adjudged, then any stockholder of the corporation, for the same reason, could maintain a similar action and secure the same relief. But it is almost self-evident that a stockholder of the defendant bank could not secure the relief here sought upon the ground that the trustees, being directors of the bank, were his trustees, unless he first showed that he was damaged by the purchase.

Judgment affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.