[No. 5141.]
[No. 2732 C. A.]

## SMITH ET AL. v. DOWNEY.

Trust and Trustees—Mortgages—Foreclosure Sale—Purchase by Trustee—Setting Aside Sale.

The purchaser of a number of lots secured the payment by a trust deed, which provided that when any lot was sold it could be released by the payment of a certain amount to the holder of the notes. The trustee appointed in the deed subsequently acquired the note and assigned it to his wife, and, later, at her request, foreclosed the trust deed. After such default the trustee formed, and became the president of, a corporation, which purchased the property at the foreclosure sale. Held, that one who purchased lots from the original purchaser and placed valuable improvements thereon, and who offered to pay the holder of the note the amount specified in the deed to release the lots, was entitled to have the foreclosure sale set aside so far as it affected such lots, on the ground that such trustee, being president of

the purchasing corporation and presumptively charged with the management of its affairs, directly or indirectly acted both as seller and purchaser at such sale.—P. 167.

*Appeal to the District Court of Arapahoe County. Hon. Samuel L. Carpenter, Judge.*

Action by Bridget Downey against Charles H. Smith and The Wesley Investment Company. From a judgment for plaintiff, defendants appeal.

*Affirmed.*

Messrs. BARTELS & BLOOD, for appellants.

Messrs. TALBOT, DENISON & WADLEY, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to set aside, and redeem from a sale of real estate made by a trustee under a deed of trust. From a judgment for the plaintiff, the defendants appeal.

John W. Smith was the owner of real estate in Arapahoe county consisting of a number of lots. He sold them to John E. Leet. As part, or all of the purchase price, Leet executed his promissory note to his grantor for $15,000, to secure the payment of which he gave a trust deed to Charles H. Smith, as trustee, with the usual power of sale for default in payment. As Leet bought the property for purposes of immediate sale, the trust deed provided that, when any lot was sold by him, it might be released from the lien of the trust deed upon the payment of $60 to the holder of the note. Before he defaulted in his payments on the note, Leet sold two of the lots to plaintiff, Bridget Downey, and she paid him, at the time, $120, enough to have the same released from such lien. Afterwards she paid Leet

the entire purchase price. Leet failed to pay his note according to its tenor, and, at the request of the holder, Charles H. Smith, as trustee, foreclosed the deed of trust, and, under the terms of that instrument, sold the property, including the two lots previously sold by Leet to plaintiff, to the Wesley Investment Company, a corporation.

In her complaint, Mrs. Downey alleges that she paid to John W. Smith, holder of the note, or his agent, the entire amount necessary to have her property withdrawn from the lien, as well as the balance of the entire purchase price to Leet. The court, though finding she had paid these amounts to Leet, concluded that she did not pay them to John W. Smith or his authorized agent, as required by the deed of trust.

The complaint further alleges that, though she failed to make the stipulated payments, plaintiff's equity of redemption in the lots was not cut off because, at the sale by the trustee for default in the payment of the purchase price of the lots, the sale was made to the trustee himself. It was upon the finding by the court that such equity still remained in the plaintiff that the decree in her favor was made.

Before proceeding to a discussion of the errors assigned by the appellant, it is well to make a fuller recital of the material facts. The note which the trust deed secured became the property of Charles H. Smith, trustee, some time after its execution. After its maturity, it was assigned by him to his wife, and it was at her request that the trustee proceeded to foreclose and sell after the maker had defaulted. After such default, the trustee, Charles H. Smith, formed a corporation under the laws of this state called the Wesley Investment Company, for the purpose, as he says, of convenience in handling real estate. Smith was one of its stockholders and its

president when the foreclosure and sale occurred. When Leet, by his trust deed, made Charles H. Smith trustee, the latter was not, of course, a stockholder or officer of the Wesley Investment Company, for it was not then in existence. At the sale under the trustee's deed, which was advertised and conducted by Charles H. Smith, trustee, in person, the Wesley Investment Company was the highest and best bidder, and the property was by him struck off, and afterwards conveyed, to that company. There is no claim that the property sold for an inadequate price, or that actual or intentional fraud was committed by the trustee. The lower court was of the opinion that the case came within the principle which forbids a trustee purchasing at his own sale.

The propositions upon which appellants rely for reversal are thus stated in their counsel's brief: They contend that, since a corporation is a legal entity, a stockholder or officer thereof may deal with the corporation as if he were a third person; that a corporation owns its property absolutely, and that its stockholders, as such, have no interest therein; that ownership by the corporation is separate and distinct from that of its stockholders; from all of which it necessarily follows that, in the case in hand, the trustee did not deal with his trust estate so as directly or indirectly to benefit himself when, as trustee at the sale, he sold to a corporation of which he was a stockholder and president.

A stockholder, it is true, is not, in such capacity, a trustee of his corporation. But the relation of a director or president of a corporation, though it be not that of a trustee in the fullest technical sense, is, nevertheless, of a fiduciary character, and, while such officer may contract with his corporation, lend it money, become a trustee for its bondholders, and transact business of various kinds, even in such

cases his acts are closely scrutinized when a stockholder complains of his conduct, and strict accountability is exacted of him. Some of the propositions which appellants urge with force might, and probably would, be pertinent, were this a case where a stockholder of a corporation is complaining of one of the acts of its directors or officers to his injury. That is not this case. We have here a beneficiary of a trustee, who became such trustee before a corporation was formed of which the trustee became the president, who complains that, at her trustee's sale, such corporation, in which he was interested, became the purchaser, and thus indirectly gained by the transaction.

*Clark v. Trust Co.*, 100 U. S. 149, and *Copsey v. Sacramento Bank*, 133 Cal. 659 (66 Pac. 7 and 204), upon which appellants mainly rely, are not applicable. In the Clark case, the trustee whose acts were questioned, was an officer of the beneficiary under the trust deed, but this fact was known to the maker of the deed at the time of its execution, and the evidence before the court did not justify the charge that the trustee bid off the property for his company. In the Copsey case, *supra*, as well as in the Clark case, the court recognized the principle that, in a case like the one we are considering, such sale is voidable at the election of the *cestui que trust*, but, in order to support the action to set it aside, some injury to the plaintiff must be averred and shown.

In the pending case, injury is shown, because plaintiff has expended in improvements upon the property about $2,500, which would be entirely lost were she not permitted to redeem. As already said, when the trust deed was made, Charles H. Smith had no interest or connection with the investment company which became the purchaser at the sale. This

company was not the holder of the note, or interested in the transaction between Leet and John W. Smith, and it bid at the sale purely as an investment, and not for the purpose of protecting any right which it had under the trust deed. We repeat that this is not a case where a debtor, to secure the payment of an indebtedness to a corporation, makes a trust deed to one of its officers, who, thereafter, in the execution of the trust with which the debtor has invested him, with full knowledge of the official relation of the trustee to the *cestui que trust,* sells the property to his corporation, which has a right to buy.

The case comes clearly within the principle laid down in *French v. Woodruff,* 25 Colo. 339, and *Brewer v. Harrison,* 27 Colo. 349. That benign doctrine is, that a trustee may not purchase at his own sale without the consent of all the parties interested, and that, if he does so, such sale is voidable at the election of the beneficiary. Charles H. Smith, as a trustee under the trust deed, owed to the plaintiff, as one of the beneficiaries, the duty to obtain at the trustee's sale the highest price which the property would bring. As president of the Wesley Investment Company, the bidder—and it is fair to presume that he was acting in its behalf—his duty was to acquire the property for the lowest price for which it could be secured. And, while ownership of the corporation in the property purchased is distinct from Smith's ownership of stock, nevertheless, in the very nature of things, self-interest and duty were here in conflict. Smith, as president of the investment company, was its principal officer, and presumptively charged with management of its affairs. If he opposed the purchase, or if the company was acting by other officers wholly uninfluenced by him, he should have established that fact. The law will not put a man in such a position, or allow him to

stay there, whose self-interest is antagonistic to fiduciary integrity.

The facts, as they appear in this record, bring the case within the rule contended for by appellee. The trustee, directly or indirectly, acted both as seller and purchaser at this sale. The plaintiff, having offered to do equity by paying to the holder of the note the full amount for which, under the trust deed, her lots were encumbered in the holder's favor, is entitled to have the sale set aside, so far as the same affects her property, and to have Smith and the investment company execute a proper release.

The judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.