[Civ. No. 2340.   Third Appellate District.—October 31, 1921.]

FRED V. LINEKER, Appellant, v. ADELAIDE McCOL-
GAN, Administratrix, etc., et al., Respondents.

[1] DEEDS OF TRUST—AUTHORITY TO PAY SUBSISTING ENCUMBRANCES
—RIGHT OF BENEFICIARY TO PURCHASE CERTIFICATE OF SALE.—A
provision in a trust deed authorizing the trustee and the beneficiary
to pay "all or any encumbrances now subsisting, or that may
hereafter subsist thereon which may, in their judgment, affect
said premises, or these trusts" does not authorize them to
arbitrarily decide, in disregard of the plain fact, that a junior
lien will affect their security; and the presence of such provision
will not estop the beneficiary under such deed of trust from going
out and purchasing for his own use and benefit a certificate of sale
issued under an execution levy to satisfy a subsequent or in-
ferior judgment lien on the property and, at the expiration of the
year allowed for redemption, obtaining the sheriff's deed to the
land.

[2] ID.—PURCHASE BY BENEFICIARY OF TRUSTOR'S EQUITY OF REDEMP-
TION—SALE UNDER TRUST DEED—RIGHT TO EXCESS PROCEEDS.—
Where the beneficiary under a trust deed which is a first lien
on certain real property acquires the trustor's equity of redemp-
tion by the purchase of a sheriff's deed under an execution sale to
satisfy a subsequent or inferior judgment lien and, for the protec-
tion of his title so acquired against the intermediate liens, causes
the land to be sold under the trust deed, he is entitled to receive
and retain for his own use and benefit all the proceeds of the sale
under the trust deed above the indebtedness secured thereby and to
which the trustor would have been entitled but for the beneficiary's
acquisition of the trustor's equity of redemption.

APPEAL from a judgment of the Superior Court of
Stanislaus County. W. H. Langdon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton S. Hamilton for Appellant.

Cullinan & Hickey and Alfred J. Harwood for Respond-
ents.

FINCH, P. J.—The plaintiff appeals from the judgment
herein denying his prayer for an injunction and an ac-
counting.

While the pleadings are complicated and lengthy, covering forty-eight pages of the printed transcript, the facts essential to a correct understanding of the issues raised on appeal may be briefly stated.

The plaintiff was the owner of the land described in the complaint, subject to certain encumbrances in the following order of priority:

1. Trust deed to defendant R. McColgan, as security for payment to defendant Daniel A. McColgan of a promissory note for $2,850 and future advances, executed by plaintiff's wife, Norvena E. S. Lineker, prior to her marriage and while she was owner of the land.

2. Attachment liens aggregating $1,241.09.

3. Judgment lien for $1,264.91.

4. Sheriff's certificate of sale of the land under execution for $1,361.20.

Under the foregoing circumstances, Daniel A. McColgan purchased the sheriff's certificate of sale and, at the expiration of the year allowed for redemption, received and recorded the sheriff's deed to the land. On the day that and after the sheriff's deed was received and recorded, the land was sold under the trust deed to R. S. Marshall for the sum of $14,000. Marshall made the purchase for the use and benefit of the plaintiff pursuant to an agreement between them. In order to make up the purchase price of the land and provide additional money for the plaintiff, Marshall, under agreement with the plaintiff, gave his promissory note to Daniel A. McColgan for the sum of $2,455 and, as security for the payment thereof, conveyed the land to R. McColgan and Eustace Cullinan by trust deed.

The complaint alleges that prior to the sale under the trust deed the plaintiff demanded of Daniel A. McColgan an account of the moneys due thereunder, but that the latter refused to give it; that the certificate of sale was purchased and the sale under the trust deed was had pursuant to an agreement between plaintiff and said McColgan to the effect that out of the proceeds of the sale McColgan was to retain whatever was due him under the trust deed and for the purchase of the certificate of sale and also the amount necessary to satisfy the attachment and judgment liens, if such liens were finally adjudged to be valid, and to account

to the plaintiff for the remainder thereof; that the plaintiff has repeatedly demanded an accounting but that his demands have been refused; that the whole of the $14,000 was paid to Daniel A. McColgan; that it has not all been consumed "in paying the amount due under the deed of trust . . . or any liens alleged to be subsisting against said real property, but that a large amount of said sum of $14,000 has been retained by said Daniel A. McColgan contrary to and in violation of his agreement with plaintiff, as aforesaid," and that there is justly due plaintiff from said McColgan more than $2,455, the sum for which the second deed of trust was given.

The plaintiff further alleges that the trustees named in the second deed of trust threaten to sell the land thereunder and prays for an injunction to prevent the sale and for an accounting.

The answer denied the alleged agreement between plaintiff and Daniel A. McColgan relative to the purchase of the certificate of sale and the disposition of the proceeds of the sale under the trust deed. At the trial the latter testified that no such agreement was made and that he acquired the land under the sheriff's certificate of purchase and deed for his own use and benefit and that he never agreed to account to plaintiff for the proceeds of the sale. The court found in accordance with such answer and testimony. The court further found that, at the time the note for $2,455 and the second trust deed were executed, such note "was intended by said Fred V. Lineker and by said Daniel A. McColgan to be and was in fact an account stated between" them and "was intended to be and was in fact a final accounting . . . of all debts and financial transactions between them up to the time of said execution of said promissory note." Since there is evidence to support the findings they are conclusive on appeal.

[1] The trust deed authorized the trustee and Daniel A. McColgan to pay "all or any encumbrances now subsisting, or that may hereafter subsist thereon which may, in their judgment, affect said premises, or these trusts . . . and these trusts shall be and continue as security to the party of the third part . . . for the repayment . . . of all amounts so paid out . . . which disbursement and interest the party of the first part hereby agrees to pay."

The trust deed further provided that, in the event of a sale of the land thereunder, all sums due the third party under its terms should first be paid out of the proceeds and the surplus, if any, should be paid to the first party, or assigns.

Appellant contends that under the foregoing provisions of the trust deed "Daniel A. McColgan could not go out and purchase for his own use and benefit the . . . certificate of sale for the reason that this certificate of sale evidenced a lien subsisting upon the real property affected by said deed of trust . . . being one of the class of liens mentioned in said deed of trust." No authority is cited in support of the contention. Since the lien created by the levy of the execution under which the certificate of sale was issued was junior to that of the trust deed, the provisions of the latter instrument did not authorize the beneficiary thereunder to discharge the former encumbrance and add the amount paid therefor to the indebtedness secured by the trust deed. "A voluntary payment by a mortgagee of claims against the mortgaged property, which it was not necessary for his own protection that he should pay, does not entitle him to be subrogated to the rights of the creditors whose liens he has discharged." (Jones on Mortgages, 7th ed., sec. 878.) "Subrogation is only allowed as a matter of right in such cases, when a party is forced, for the protection of his own interests, to discharge an encumbrance which might otherwise jeopardize them." (*Carpentier* v. *Brenham*, 40 Cal. 239.) The trustee and the beneficiary were authorized to pay only such liens "as affect said premises, or these trusts." This language must be interpreted to mean such liens as might affect the rights of the holder of the superior lien. While they were made the judges as to what encumbrances would affect such rights, they were not authorized to decide arbitrarily in disregard of the plain fact that the junior lien could in no manner affect their security.

The relation between a mortgagee and mortgagor is not fiduciary. (*De Martin* v. *Phelan*, 115 Cal. 538 [56 Am. St. Rep. 115, 47 Pac. 356].) Neither is that between the beneficiary under a trust deed and the maker thereof. (*Copsey* v. *Sacramento Bank*, 133 Cal. 659 [85 Am. St. Rep. 238, 66 Pac. 7, 204].) "The acquisition of the equity

of redemption by the mortgagee is looked upon with suspicion by the courts, . . . .because he has, by reason of his position as creditor, a certain advantage over the mortgagor which may be abused. . . . This objection, however, does not apply with equal force when he purchases the equity of redemption from one who has purchased it of the mortgagor, or when he purchases it at an execution sale had at the instance of a stranger." (Jones on Mortgages, 7th ed., sec. 870.) "A mortgagee in possession does not stand in such a relation of trust or confidence to the mortgagor as that he is prohibited from purchasing, for his own benefit, the title of the latter on an execution sale against him upon a judgment in favor of a third person; and he may set up a title so acquired as a defense to an action by the mortgagor or his grantee to redeem." (*Ten Eyck* v. *Craig*, 62 N. Y. 406; *Clark* v. *Jackson*, 64 N. H. 388 [11 Atl. 59].) "The mortgagee in possession may even purchase the equity of redemption at a sale upon an execution in his own favor issued upon a judgment for a debt other than the mortgage debt; and may hold the title adversely to the mortgagor if he does not redeem, as upon a sale upon execution." (Jones on Mortgages, 7th ed., sec. 712; *Trimm* v. *Marsh*, 54 N. Y. 599 [13 Am. Rep. 623].)

[2] On acquiring plaintiff's equity of redemption by the sheriff's deed, Daniel A. McColgan, for the protection of his title so acquired against the intermediate liens, caused the land to be sold under the trust deed. Having acquired the plaintiff's title by the sheriff's deed, McColgan was entitled to receive and retain for his own use and benefit all the proceeds of the sale under the trust deed above the indebtedness secured thereby to which plaintiff would otherwise have been entitled. The question of intermediate lien holders' rights to share in such surplus is not involved in this action.

The judgment is affirmed.

Prewett, J., *pro tem.*, and Burnett, J., concurred.