## LINEKER v. MARSHALL et al.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925. Rehearing Denied September 14, 1925.)

No. 4414.

1. **Courts ☞405(4)—Circuit Court of Appeals not authorized to correct judicial errors charged against state court.**

United States Circuit Court of Appeals is not a court of appeal authorized to correct judicial errors charged against state court.

2. **Judgment ☞720—Matter determined cannot be relitigated between same parties or privies in subsequent suit on different cause of action.**

A right, question, or fact distinctly put in issue and directly determined by court of competent jurisdiction as ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies, even if such suit be for a different cause of action.

3. **Judgment ☞743(2)—Judgment in suit to have mortgagee decreed to hold title to property purchased at execution sale for benefit of plaintiff held res judicata in suit to have trust deed declared void.**

Judgment, in suit to have title to property acquired by mortgagee, or beneficiary under trust deed, by a sheriff's deed at an execution sale, declared to be for benefit of plaintiff determining that title was not purchased for use of plaintiff, but for mortgagee's own use and benefit, *held* res judicata in subsequent suit by mortgagor to have deed of trust declared null and void.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Rudkin, Judge.

Suit in equity by Frederick V. Lineker, individually and as administrator of the estate of Norvena Lineker, deceased, against R. S. Marshall and others. From a decree of dismissal, plaintiff appeals. Affirmed.

Action that plaintiffs be declared and adjudged the lawful owners of certain real property described in the complaint; that a deed of trust, dated September 2, 1914, signed by R. S. Marshall and Olive H. Marshall, his wife, pursuant to an alleged agreement by and between plaintiff and the defendant Daniel A. McColgan, conveying to R. McColgan and Eustace Cullinan said real property as trustees for the defendant Daniel A. McColgan for the sum of $2,445, be declared null and void as against the plaintiff; that the defendants be compelled to convey to the plaintiffs the real property described in the complaint by good and sufficient deed, free and clear of any liens and incumbrances thereon; that an accounting be had of the transactions of certain of the defendants concerning said real property, and that any balance found due plaintiffs from such accounting be ordered paid to plaintiffs; and that they have a decree therefor against the defendants and each of them as shall be just.

John L. Taugher, Glensor, Clewe & Van Dine, and Wm. F. Rose, all of San Francisco, Cal., for appellant.

Alfred J. Harwood, of San Francisco, Cal., for appellee McColgan.

Cullinan & Hickey, of San Francisco, Cal., for appellee Cullinan.

H. M. Wright and K. C. Partridge, both of San Francisco, Cal., for appellees Marshall and others.

Before GILBERT, HUNT, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). In 1907 Norvena E. Svensen (now deceased) owned certain real estate in Stanislaus county, Cal. On June 20, 1910, she conveyed it by deed of trust to Reginald McColgan, trustee, as security for payment of a note given by her to Daniel McColgan for $2,850, and any further sums which he might advance or otherwise be due to him or to the trustee under the provisions of the deed. This deed of trust is described in these proceedings as the first deed of trust.

Plaintiff, Frederick V. Lineker, alleges in his amended bill of complaint in this case that the amount of the loan, instead of being $2,850, was only $2,500. It appears, further, that the property became subject to attachment liens amounting to $1,241.09, a judgment lien for $1,264.91, and a sheriff's certificate of sale, dated August 30, 1913, for the property sold under execution for $1,361.20. On September 22, 1912, Norvena Svensen married Frederick V. Lineker, the plaintiff. On August 18, 1913, she conveyed the land to her husband by deed of gift, in order that he might better assist her in protecting her interests.

The deed of trust of June 20, 1910, having been executed by Norvena E. Svensen prior to her marriage with Frederick V. Lineker on September 12, 1912, he was not a party to that instrument; but by the deed of gift executed by Norvena Lineker on August 18, 1913, he became the owner of the real property described in the complaint, subject to the deed of trust of June 20, 1910, executed by Norvena E. Svensen prior to her marriage. Norvena E. Lineker died in Alameda county, Cal., on the 25th day of February, 1922, and on March 29, 1922, the superior court of Alameda county, Cal., appointed Frederick V. Lineker administrator of the the estate of Norvena E. Lineker, deceased.

On July 15, 1914, Daniel A. McColgan purchased the sheriff's certificate of sale from William C. Crittenden, to whom the sheriff had sold the property under execution, and at the expiration of the year allowed for redemption Daniel A. McColgan received and recorded the sheriff's deed to the property. On or about September 2, 1914, the land was sold under a deed of trust to R. S. Marshall for $14,000, who, it is alleged, purchased the same for the benefit of plaintiff (Frederick V. Lineker) pursuant to an agreement between them. In order to accommodate plaintiff, Marshall also gave his promissory note to Daniel A. McColgan for $2,455, and as security conveyed the land to Reginald McColgan and Eustace Cullinan by trust deed. This conveyance is designated in these proceedings as the second trust deed.

Plaintiff alleges: That prior to the sale, under the first trust deed, he demanded an accounting of Daniel A. McColgan, which was refused; that the sale was made for the sum of $14,000, pursuant to an agreement between plaintiff and McColgan that McCol-

gan was to retain out of the proceeds what was due him under the first trust deed, and enought to satisfy the attachment and judgment liens, if they were adjudged valid, and account to plaintiff for the remainder; that plaintiff has since demanded an accounting, but that McColgan has repeatedly refused; that the whole sum of $14,000 was not consumed in paying the incumbrances on the property, but that a large part of it has been retained by Daniel A. McColgan, contrary to his agreement with plaintiff; that there is due to plaintiff from McColgan more than $2,455, the amount secured by the second trust deed.

On January 22, 1917, Reginald McColgan and Eustace Cullinan sold the property under the last-named trust deed to E. C. Peck, who afterwards conveyed to T. K. Beard. Beard and his wife conveyed a half interest to Marshall. On March 4, 1918, Beard and his wife and Marshall and his wife gave their note for $15,000 to the Union Savings Bank of Modesto, and secured it by deed of trust to the Stanislaus Land & Abstract Company as trustees. Defendants Beard and Marshall now claim to be the owners in fee of the land, subject only to the trust deed to the Stanislaus Land & Abstract Company.

Plaintiff alleges that the transactions were without consideration and void. Plaintiff prays that the second trust deed for $2,455 be declared null and void, that all subsequent transfers of the property be declared null and void, that plaintiff be declared the lawful owner of the land, and for an accounting.

Defendants Daniel A. and Reginald McColgan and Eustace Cullinan pleaded a former adjudication in an action against them in the superior court of Stanislaus county, No. 5353, instituted by R. S. Marshall and his wife on December 3, 1916. The judgment was to the effect that the Marshalls owed Daniel A. McColgan, on account of the note for $2,455, the sum of $4,110.01, with interest on $3,949.51 of such sum at 1 per cent per month from December 6, 1916, and that this amount was secured by the trust deed, and, if it was not paid, a sale of the premises might he had. McColgans contend that that judgment is a bar to this action, because it was prosecuted by the Marshalls as trustees and agents of the Linekers.

Previous to that action, Linekers had instituted an action, No. 5344, for the purpose of preventing the sale which the court ordered might be had in action No. 5353. Judgment was for defendants, and Lineker appealed. The District Court of Appeal affirmed the judgment (Lineker v. McColgan, 54 Cal. App. 771, 202 P. 936), holding that, as Daniel A. McColgan acquired Lineker's title by the sheriff's deed, McColgan was entitled to keep all the proceeds of the sale above the indebtedness secured thereby to which Lineker would otherwise have been entitled.

In the United States District Court, Judge Rudkin entered a decree in favor of the defendants, dismissing the bill, holding that the decree of the state District Court of Appeal established the rights of the parties. In sustaining the plea of res judicata he gave the rule announced by Mr. Justice Field, in the well-known case of Cromwell v. County of Sac, 94 U. S. 351, 352 (24 L. Ed. 195), where the court said:

"In considering the operation of this judgment, it should be born in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be

brought into litigation between the parties in proceedings at law upon any ground whatever."

[1] The question involved in this appeal is whether the District Court was right in sustaining the plea of res judicata and dismissing the bill of complaint. The record brought up on this appeal is voluminous, setting forth the proceedings in the state court in pleadings, testimony, findings of fact, and judgments relating to transactions between the parties covering a period of years. Whether these questions were rightfully determined in the state court is not for us to say. We are not a court of appeal authorized to correct the judicial errors charged against the state court in this case. We are only authorized at this juncture to determine whether the rights asserted by the plaintiff, in his complaint, have been judicially determined as between the same parties or their privies by a competent tribunal in another proceeding. If they have, and it so appears in the record, the case is at an end in this court.

[2] As said by the Supreme Court in Southern Pacific Co. v. United States, 168 U. S. 1, 48, 18 S. Ct. 18, 27 (42 L. Ed. 355): "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

In Davis v. Brown, 94 U. S. 423, 428 (24 L. Ed. 204), the same court had said: "The judgment is not only conclusive as to what was actually determined respecting such demand, but as to every matter which might have been brought forward and determined respecting it."

The predominating question in this case is whether the second deed of trust, executed for the purpose of securing the payment of a promissory note for $2,455, both note and deed dated September 2, 1914, signed by R. S. Marshall and Olive H. Marshall, his wife, conveying to R. McColgan and Eustace Cullinan by the deed of trust the real property described in the complaint as trustee for the defendant Daniel A. McColgan, pursuant to an agreement between plaintiff and the defendant Daniel A. McColgan, is null and void as against plaintiff, for the reason stated in the complaint.

It is charged in the complaint that this deed of trust was made without consideration therefor, and was for the purpose of obtaining for the defendants Daniel A. McColgan and R. McColgan an unconscionable and illegal advantage of plaintiffs, and wrongfully obtaining more than was due from the plaintiffs to the defendant Daniel A. McColgan, and that each and all other transfers and attempted transfers of said property, and all dealings therewith by any of the defendants, were subsequent to said 2d day of September, 1914, were made without plaintiffs' consent, and were made without any consideration passing to the plaintiffs or either of them, and were void and illegal.

The case of Lineker v. Daniel A. McColgan, R. McColgan, Eustace Cullinan, and R. H. Marshall and Olive H. Marshall, his wife, commenced in the superior court of California, for the county of Stanislaus, in November, 1916, is set up by the defendants in their plea of res judicata in this court. That was an action for an accounting and for an order restraining the defendants R. McColgan and Eustace Cullinan from the threatened sale of the property described in the complaint in that case (the identical property described in the present case). The threatened sale was to be under the provisions of the second deed of trust (the deed of trust involved in this case), which in turn derived its contractual obligations from the first deed of trust dated June 20, 1910.

Upon the trial of that case the transactions between the parties relating to this property were introduced in evidence, from which it appears that the fundamental question was whether there was anything due on the note for $2,455, secured by the deed of trust of September 2, 1914. With respect to that question the court found the facts

specifically in favor of the defendants, and as a conclusion of law that the plaintiff was not entitled to a judgment against any of the defendants for an accounting of the proceeds of the sale of the real property in controversy, made by the said R. McColgan as trustee under the first deed of trust, dated June 20, 1910, or any of the dealings or transactions of the defendants referred to in the complaint, and that plaintiff was not entitled to any relief. Judgment was accordingly entered in favor of the defendants. On an appeal to the state District Court of Appeals the judgment was affirmed. Lineker v. McColgan, supra.

In that case the sheriff's certificate of sale of the property under execution and the sheriff's deed, conveying the property to the defendant Daniel A. McColgan, pursuant to such sale, was in litigation. The plaintiff alleges that the title to the property so acquired by Daniel A. McColgan was purchased under an agreement between the plaintiff and the defendant McColgan that it should be for the benefit of the plaintiff. The defendants denied that there was such an agreement, or that the title, when purchased should be for the benefit of the plaintiff. On the contrary, defendants asserted that the title was not purchased for the use or benefit of the plaintiff by any agreement, but was purchased by the defendant Daniel A. McColgan with his own money and for his own use and benefit. This issue was specifically and distinctly found by the trial court in favor of the defendants, and the judgment based upon such finding was affirmed by the District Court of Appeal.

[3] The judgment of the court upon this question, although for a different cause of action, is clearly res judicata; but it is contended here that, under the terms of the first deed of trust and the transactions between the parties, the second deed of trust was given without consideration, and is therefore null and void. Whether it is null and void depends upon facts which were at issue in the state court in Lineker v. McColgan, supra, or which, being at issue, might have been brought forward and determined. Under the issues of that case the plaintiff introduced in evidence the first deed of trust dated June 20, 1910, and contended that the purchase of the certificate of sale by Daniel A. McColgan was made in pursuance of the terms of that deed of trust for the benefit of the plaintiff, and that the purchase of the certificate of sale did not constitute Daniel A. McColgan the owner of the property in his own right.

The first deed of trust was before the court, and its terms elaborately discussed. They were involved in the transactions introduced in evidence, and were in issue. The evidence was material and relevant to such issues, and if, in any legal aspect, that deed was subject to the construction now placed upon it by the plaintiff, he should have prevailed. He did not prevail, and the judgment against him was a determination of a right question and fact, which, as between the parties, must be taken as conclusively established in favor of the defendants.

The judgment of the District Court is affirmed.