# W. S. CONRAD COMPANY v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 18, 1915.

Nos. 19,281—(195).

**Evidence of negligence — verdict.**

  1. The evidence is *held* sufficient to justify a verdict finding that the defendant was negligent in operating a street car, and that the driver

[1] Reported in 153 N. W. 256.

operating the plaintiff's auto which collided with the street car was not negligent.

**Measure of damages — cost of repairs — receipted bill.**

2. The parties adopted as the measure of damages the reasonable cost of repairing the auto, plus the reasonable value of a substitute during the period necessary for repair. It is *held* that the introduction of a receipted bill for repairs was error; and that the evidence offered in connection therewith furnished no basis upon which to rest a verdict fixing damages.

**Form of objection.**

3. Counsel for the defendant, though often using only the general objection without stating the specific ground, sufficiently advised the court of the point of the objection.

Action in the municipal court for St. Paul to recover $324. The case was tried before Finehout, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*W. D. Dwyer,* for appellant.
*Hollihan & Ryan,* for respondent.

DIBELL, C.

Action by plaintiff to recover damages for injuries to its automobile sustained in a collision with a street car of the defendant. The plaintiff claimed general damages in the sum of $218 and special damages in the sum of $106, a total of $324, and this was the amount of the verdict. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. The accident occurred at the intersection of Seventh and Cedar streets in the city of St. Paul. The street car was going westerly on the northerly track and made a turn to the north into Cedar. The plaintiff's automobile was following and the collision occurred at the corner of the two streets. The place was one of peculiar danger when a street car turned from Seventh into Cedar with an auto following. The defendant knew all about it. The auto driver knew something about it. Upon a consideration of the evi-

130 M.—9.

dence we conclude that the question of the defendant's negligence and of the plaintiff's contributory negligence were questions for the jury; and the facts involved are not of a character to make worth while their detailed narration.

2. The parties adopted as the measure of damages the reasonable cost of repairing the auto, plus the reasonable value of a substitute during the period necessary for repair.

A receipted duplicate bill, showing the payment of $218 by the plaintiff for repairs, was received in evidence. This did not prove value nor amount. There was no competent proof of the reasonable cost of making the repairs, nor of their necessity, nor of the time reasonably consumed. Whether the time consumed was reasonable bore directly upon the amount recoverable for a substitute. The defendant was without opportunity to cross-examine upon any of these points. A correct result was not to be expected from such a trial and it did not come.

3. Counsel for the plaintiff insists that counsel for the defendant waived his objections to certain incompetent evidence, generally in the nature of hearsay, because he did not make specific objections to it. The record hardly sustains this view. Counsel for the defendant was continuously insistent that the damages must be proved by legal evidence. The case is not at all like Larson v. Anderson, 122 Minn. 39, 141 N. W. 847, or Graves v. Bonness, 97 Minn. 278, 107 N. W. 163, where the objection was wholly general with no reference to a specific point. Here it was over and over again brought to the attention of the court that the evidence being offered was improper and the specific error in it was given. Counsel, it is true, did not make a specific objection to every item of erroneous evidence offered, but the court and opposing counsel were well apprised of his precise claim.

Order reversed.