[Civ. No. 5338. First Appellate District, Division One.—July 23, 1926.]

## R. E. MENEFEE, Respondent, v. RAISCH IMPROVEMENT COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—INJURY TO AUTOMOBILE — COLLISION OF AUTOMOBILE AND MOTOR-TRUCK—CONTRIBUTORY NEGLIGENCE—FINDINGS.—In an action for damages for injuries to an automobile resulting from a collision with a motor-truck, a finding that defendant was guilty of negligence proximately causing the injury, and that plaintiff was driving in a careful and prudent manner, is a sufficient finding on the issue of contributory negligence.

[2] ID.—ABILITY TO AVOID COLLISION—DEFECTIVE BRAKES—EVIDENCE—FINDINGS.—In such action the contention of defendant that, as it appeared from the evidence that the brakes on plaintiff's automobile were applied at a point twenty feet from the point of collision, it follows from the fact that the car failed to stop before the impact that it was not equipped with adequate brakes, as required by section 94 of the Motor Vehicle Act, and that by the use of ordinary care the car might have been turned to the left of the truck and the injury avoided, is without merit, where the findings of the trial court are fairly supported by the evidence and it cannot be said as a necessary conclusion therefrom that the brakes were defective, or that, in view of the sudden appearance of danger, plaintiff was wanting in ordinary care in failing to turn to the left.

[3] ID.—PROXIMATE CAUSE—SPEED—ABSENCE OF SIGN-POSTS—RESIDENTIAL DISTRICT — EVIDENCE — CONTRIBUTORY NEGLIGENCE. — In such

2. Defect in brakes as affecting liability for injury, see note in 14 A. L. R. 1339.

action, plaintiff was not guilty of negligence as a matter of law proximately contributing to the injury by maintaining a speed of twenty-five miles an hour at the point of collision, where the place of the accident was not within a municipality nor sign-posted as required by subdivision c of section 114 of the Motor Vehicle Act (Stats. 1923, p. 517), nor a residence district within the meaning of subdivision b of section 114 of said act.

[4] Id.—Measure of Damages—Repairs to Automobile—Discharge of Liability.—In such an action, the measure of damages is the difference in value of the automobile immediately before and immediately after the injury, provided that if it be susceptible of repair at an expense less than such difference the measure of damages is the reasonable cost of the repairs; and it is unnecessary to prove that the liability for such repairs has been discharged.

[5] Id. — Reasonable Value of Repairs — Evidence — Inferences—Judgment.—In such action, an itemized statement rendered by those repairing the injured automobile was hearsay and insufficient alone to prove the reasonable value of the repairs, their necessity, or that the time consumed in making them was reasonable; but having been admitted without objection and supplemented by other testimony showing the difference in value of the car before and after the injury and that the items shown on the statement were necessary to the repair of the car and that the charges therefor were reasonable, the evidence fairly supports the inference that the repairs were made necessary by the accident, and was, together with testimony as to the reasonable value of the use of the car of which plaintiff was shown to be deprived, reasonably sufficient to support the judgment in favor of plaintiff.

[6] Id.—Pleading—Complaint—Demurrer.—In such action, the complaint stated a cause of action, and defendant's special demurrer, directed to uncertainties appearing from allegations therein which were immaterial, was properly overruled.

[7] Id. — Excessive Allowance for Loss of Use of Automobile—Modification of Judgment—Appeal.—In such action where it is admitted by plaintiff that the allowance for loss of use of the automobile exceeded the amount prayed for and that the judgment should be modified to that extent, the judgment will be modified on appeal by deducting therefrom the excess amount.

(1) 42 C. J., p. 1286, n. 88.    (2) 42 C. J., p. 1138, n. 73, p. 1140, n. 83.    (3) 42 C. J., p. 1140, n. 85 New.    (4) 17 C. J., p. 806, n. 64, p. 877, n. 8, p. 878, n. 12.    (5) 22 C. J., p. 209, n. 71.    (6) 31 Cyc., p. 282, n. 19.    (7) 4 C. J., p. 1158, n. 24.

4. Damages for destruction of or injury to automobile, notes, 4 A. L. R. 1350; 32 A. L. R. 706.

APPEAL from a judgment of the Superior Court of Santa Clara County.  F. B. Brown, Judge.  Modified and affirmed.

The facts are stated in the opinion of the court.

Cooley & Gallagher for Appellant.

Maurice J. Rankin and C. M. Booth for Respondent.

CASHIN, J.—An action was brought by plaintiff alleging that defendant corporation, in the operation of a motor-truck owned by it, negligently caused damage to an automobile in the possession of plaintiff, the elements of damage alleged being injuries to the automobile and the temporary loss of its use.  Judgment was entered for plaintiff, from which defendant appealed.

The grounds urged for reversal are that defendant's special demurrer should have been sustained; that the evidence was insufficient to support the findings, and that the court failed to find on the issue of contributory negligence.

[1]  The testimony shows that the injuries alleged were caused on July 25, 1924, while plaintiff was driving in a northerly direction on the east side of Lincoln Avenue in Santa Clara County; that the automobile was one in his possession under a contract for its purchase and used in the course of his occupation; that when he reached a point twenty feet south of a private road or driveway leading into the highway from the east and a view of which was obstructed by shrubbery defendant's truck emerged therefrom; that no warning of its approach was given and that no horn or other warning device was carried by it; that plaintiff applied his brakes, but was unable to stop before striking the truck.  The court found defendant to have been guilty of negligence proximately causing the injury, and that plaintiff was driving in a careful and prudent manner.

The latter was a sufficient finding on the issue of contributory negligence (*Arrelano* v. *Jorgensen,* 52 Cal. App. 622 [199 Pac. 855]).

[2]  Defendant offered no evidence, but urges that contributory negligence appears from that adduced by plaintiff;

that it appearing that the latter's brakes were applied at a point twenty feet from that of the collision, it follows from the fact that the car failed to stop before the impact that it was not equipped as required by section 94 of the Vehicle Act, which provided that "every motor vehicle operated upon a public highway shall be provided at all times with brakes which shall be adequate to promptly check the speed of and to stop the motor vehicle," and that by the use of ordinary care the car might have been turned to the left of the truck and the injury avoided.

The findings of the trial court are fairly supported by the evidence, and we cannot say as a necessary conclusion therefrom that the brakes were defective, or that in view of the sudden appearance of danger plaintiff was wanting in ordinary care in failing to turn to the left.

[3] Defendant further contends that the evidence shows that the highway at that point traversed a residential district; and that it appearing that plaintiff's speed there exceeded twenty miles per hour, to wit, twenty-five miles per hour, it follows as a matter of law that he was guilty of negligence proximately contributing to the injury.

A residence district within the meaning of the Vehicle Act is "the territory contiguous to a public highway which is on the line of such highway, not mainly devoted to business, where for not less than a quarter of a mile the dwelling-houses and business structures on such highway average less than 100 feet apart" (subd. b, sec. 114, Vehicle Act, Stats. 1923, p. 517). The act further provides that "No territory shall be deemed a business or residence district unless sign-posted as provided in this act." (Subd. c, sec. 114, Vehicle Act.) The place of the accident was not within a municipality, nor, as far as shown by the record, had signs as provided by the act been posted restricting the speed of vehicles to twenty miles per hour.

[4] The court found that plaintiff was obliged to expend $361.77 as the reasonable cost of repairing the automobile and suffered further damage in the sum of $205 due to the loss of use during the period reasonably required for making the repairs. The measure of damages in cases of this character is the difference in the value of the property immediately before and immediately after the injury, subject

to the proviso that if the property be susceptible of repair at an expense less than such difference the measure of damages is the reasonable cost of the repairs (*Kincaid* v. *Dunn,* 26 Cal. App. 686 [148 Pac. 235]; *Rhodes* v. *Firestone Tire & Rubber Co.,* 51 Cal. App. 569 [197 Pac. 392]; *Conner* v. *Dale,* 63 Cal. App. 338 [218 Pac. 462]); and it is unnecessary to prove that the liability incurred for such repairs has been di**·**…rged (*Kincaid* v. *Dunn, supra*). [5] That plaintiff …sed the car to be repaired and incurred a liability …r is clearly shown, and an itemized statement render… …hose performing the services was introduced in eviden… …thout objection. The statement was hearsay and invalid …d alone to prove the reasonable value of the repairs, their n…ssity, or that the time consumed in making them was reasonable (*Galveston etc. Elec. Ry. Co.* v. *English* (Tex. Civ. App.), 178 S. W. 666; *Conrad Co.* v. *St. Paul City Ry. Co.,* 130 Minn. 128 [153 N. W. 256]); but having been admitted without objection the statement therein that certain material and labor had in fact been furnished not having been contradicted, the court was justified in accepting it as evidence tending to prove the facts stated (*Lucy* v. *Davis,* 163 Cal. 611 [126 Pac. 490]). This evidence was supplemented by a qualified witness, who testified that the difference in value of the car before and after the accident was the sum of $550. As held in *Overpeck* v. *Rapid City,* 14 S. D. 507 [85 N. W. 990], the difference in value of the property before and after the injury is presumptively the amount it would cost for repairs. He further described generally the character and extent of the injuries, stating as his opinion that the items shown on the statement mentioned were necessary to the repair of the car, and that the charges therefor were reasonable. While unable to testify from personal knowledge that the items shown were in fact furnished, the witness had from time to time observed the car during the period of repair and was familiar with its condition. The witness further testified that portions of the work done, namely, repainting the car and the straightening of the frame, were done by other firms; and that in the ordinary course of business the time consumed in making the repairs as a whole was not unusual.

The evidence fairly supports the inference that the repairs were made necessary by the accident, and was, together with

testimony as to the reasonable value of the use of the car of which plaintiff was shown to have been deprived, sufficient reasonably to support the conclusions of the trial court.

[6] The complaint stated a cause of action, and appellant's special demurrer being directed to uncertainties appearing from allegations therein which were immaterial was properly overruled.

[7] It is admitted by respondent that the allowance for loss of use exceeded the amount prayed for in the behalf, and that the judgment should be modified to that extent. This difference is the sum of $30, and the judgment is therefore modified by deducting said sum therefrom, and, as so modified, is affirmed, respondent to recover his costs on appeal.

Tyler, P. J., and Knight, J., concurred.