[Civ. No. 6155. First Appellate District, Division Two.—March 22, 1928.]

AVERY E. TURNER, Respondent, v. PERCY W. MARSHALL et al., Appellants.

C. Franklin Baxter for Appellants.

Porter & Sutton for Respondent.

MURPHEY, J., *pro tem.*—This is an action to quiet title to real property situated in South Pasadena. Plaintiff purchased the property involved in this litigation at a trustee's sale under a trust deed executed by the Marshalls

as grantors, the plaintiff being in nowise interested in the lien indebtedness. At the time of the trial of the action, in addition to the Marshalls, several other defendants claiming judgment and attachment liens were separately represented. The judgment was in favor of the plaintiff and against all of the defendants. The defendants Marshall are the sole appellants.

It is the contention of these appealing defendants that the trustee's deed is void by reason of the fact that the notice of sale was published in a newspaper printed and published in the city of Los Angeles and not published in a newspaper printed and published in South Pasadena, where it is conceded the real property was situated. It is not disputed that the publication was made in a newspaper published in the city of Los Angeles and that no notice of publication was had in any newspaper published in South Pasadena. It is also further contended by the appellants that they had fully consummated an option to purchase this same property from the plaintiff after his purchase of the same at the trustee's sale. With respect to this matter the court found that the defendants Marshall paid the plaintiff the sum of $1,251.83 for which plaintiff executed and delivered to said defendants an option to purchase said property for the sum of $8,500 at any time before July 20, 1923; that the option to purchase said property was never consummated by said defendants or anyone else in their behalf; that the option expired on July 20, 1923, and that all rights of the defendants therein were lost and terminated. These findings are fully supported by the evidence as disclosed by the record. Section 692 of the Code of Civil Procedure of California provides as follows:

"Before the sale of property on execution or under power contained in any deed of trust, notice thereof must be given as follows:

"3. In case of real property: By posting a similar notice particularly describing the property for twenty days, in three public places of the township or city where the property is to be sold and publishing a copy thereof once a week for the same period, in some newspaper of general circulation printed and published in the city or township in which the property is situated, . . . "

■ In support of their contention that this failure to publish in a South Pasadena newspaper voided the sale appellant cites authorities largely from foreign jurisdictions. To some extent these authorities are in point, but in view of the fact that the very question at issue has been definitely and clearly determined by our supreme court adversely to the contention by appellants herein, the question is no longer open to debate. It must be borne in mind that the plaintiff is a *bona fide* purchaser for value with no notice of any defects in the proceedings leading up to the sale and in nowise interested in or concerned with the loan indebtedness secured by the trust deed and that the defendants are the grantors and trustors named in said trust deed and were the owners of the property at the time the trustee's deed was executed and delivered; further, the trust deed contains the usual provision that in the event of the sale of the property described therein by the trustee the recitations in the trustee's deed of any facts or matters affecting the regularity or validity of such sale shall be conclusive proof of the truthfulness of such recitals; that the trustee's deed contained a recital that notice had been given as required by the deed of trust.

In the case of *Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452], the supreme court says: "But whatever may be the force of the argument as noted, these questions, though interesting, can arise only in cases where no authority is given by the deed to the trustee to bind his principal by his recital or by his deed, or, to use the language of the counsel, only 'in absence of a stipulation in the trust deed making the trustee's deed evidence of its own validity.' But here we have the express stipulation that the recitals in the deed of default and publication shall be conclusive proof of these facts, and that the 'deed, . . . with such recitals therein, shall be effectual and conclusive against the said party of the first part,' etc.; which is in express terms to give the trustee the authority to bind his principal by the mere execution of a deed containing the prescribed recitals. This provision would not, perhaps, preclude the inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief; but it must be taken as

conclusive in a case involving only the legal title, such as the case at bar.''

In *Roberts* v. *Colyear,* 179 Cal. 669 [180 Pac. 937], the court said: ''The defendant objected to the admission of this instrument (deed), in the absence of independent proof that the debtors were, in fact, in default. The court over-ruled the objection. The ruling was correct. The trustee's deed was competent and sufficient evidence to show that the title of the Reiters had passed to the plaintiff. . . . The recitals are relied upon as binding the interest of the trustors. To this extent, at least, they are effective. (*Savings & Loan Soc.* v. *Deering,* 66 Cal. 281 [5 Pac. 353]; *Carey* v. *Brown,* 62 Cal. 373; *Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452].) The deed containing them is admissible in an action of ejectment as against the grantor or other person in possession, and no further evidence is necessary to show that the plaintiff has succeeded to such title and right of possession as the trustor had when he made his deed of trust.''

In *Seccombe* v. *Roe,* 22 Cal. App. 139 [133 Pac. 507], the court said: ''It is claimed by appellant, however, that such deed of trust containing the provision that, in the event of a sale of said premises, or any part thereof, and the execution of a deed thereto under the trust, then the recitals therein of any default payments, publication of notice of sale, demand that such sale should be made, postponement of sale, terms of sale, purchaser, payment of purchase money, and of any other fact or facts confirming the regularity or validity of said sale, shall be conclusive proofs of such matters and of all other facts recited therein against the said first parties, defendants are estopped to claim irregularity connected with the sale. That this would be the effect as to a purchase by a third party and a conveyance to him by the trustee must be conceded upon the authority of *Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452].''

In the case of *Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613 [130 Pac. 15], the supreme court said: ''If the recital in the trustee's deed is conclusive on Cottle and his successors in interest, it would follow that this finding is contrary to the evidence. That such recital is conclusive, where the deed of trust empowers the trustee to make it, in the absence of fraud of which the purchaser at the trustee's sale had notice,

appears to be settled by the decision of this court. (*Simson* v. *Eckstein,* 22 Cal. 593; *Carey* v. *Brown,* 62 Cal. 374; *Mersfelder* v. *Spring,* 39 Cal. 595 [73 Pac. 452].)''

There is one suggestion in the appellants' brief of latent fraud in connection with the option contract. There is not, however, any evidence in the record or any pleading to support any assumption of wrongdoing on the part of the plaintiff.

It follows from the foregoing that the judgment of the superior court should be affirmed and it is so ordered.

Koford, P. J., and Sturtevant, J., concurred.