[Civ. No. 4120. Third Appellate District.—June 12, 1930.]

MARY F. HOPKINS, Respondent, v. J. D. MILLAR REALTY COMPANY (a Corporation), Appellant.

L. B. Stanton for Appellant.

McKee, Tasheira & Wahrhaftig and I. R. Rubin for Respondent.

FINCH, P. J.—The complaint alleges that on July 21, 1920, the defendant executed and delivered to the plaintiff its promissory note for $22,490, setting out the note in full, the note reciting that it is "secured by a deed of trust of even date herewith"; that "the defendant has paid on account of said note, the sum of $10,371.70, including the net amount on foreclosure trust deed sale $1,725.40 as of the date of sale under foreclosure, to wit: December 2, 1925," leaving due for principal and interest a balance of $12,073.13; that the said sale under foreclosure was held on December 2, 1925, "pursuant to a notice of default recorded by the plaintiff herein in the office of the county recorder . . . " and notice of trustee's sale duly given. ·

The answer denies, in the form of a negative pregnant, which therefore constitutes an admission, "that only the sum of $10,371.70 has been paid on account of the principal and interest of said promissory note"; denies "that the net amount realized upon sale of property under the trust deed was only the sum of . . . $1,725.40, or any other sum less than $12,073.13; . . . that any sale whatsoever was held on the 2d day of December, 1925, or at any other time whatsoever, either pursuant to a notice of the default recorded . . . or in any other manner whatsoever; . . . that notice of trustee's sale was published; . . . that there has

been any demand whatsoever made''; and alleges as an affirmative defense, ''that a certain concern known as an Oakland Bank of Savings was nominated as trustee in that certain deed of trust referred to in the complaint of plaintiff herein; that said Oakland Bank of Savings is not such a corporation as is entitled to take or hold trusts of any nature, character or kind; that said trust deed was and is therefore void and of no effect as to any actions or powers on the part of said Oakland Bank of Savings therein; that said Oakland Bank of Savings had no power or authority whatsoever to make or execute any deed whatsoever under or upon a foreclosure of said trust deed or otherwise or at all; that on or about the 21st day of July, 1920, this defendant made and executed to plaintiff herein a deed of trust wherein said Oakland Bank of Savings was named as the grantee to hold as trustee said described real property; that by reason of the inability of said Oakland Bank of Savings to hold said property in trust or to act as trustee, said deed of trust constitutes merely a mortgage upon said described real property; that there has been no action taken or brought by plaintiff herein to foreclose said mortgage and that the claim of plaintiff herein is therefore immature.''

The complaint goes into unnecessary details by setting forth an itemized account of payments and other receipts and also expenditures made, and the answer contains a number of repetitions, but the foregoing statement substantially covers the issues.

The court found the foregoing allegations of the complaint to be true and that the allegations of the answer are untrue except as stated in the findings to be true. It therefore appears from the findings that the defendant's allegations to the effect that the Oakland Bank of Savings was without power or authority to act as trustee are untrue. The court further found ''that said promissory note was secured by a deed of trust, dated July 21, 1920, duly executed and delivered by J. D. Millar Realty Company, a California corporation, grantor, to The Oakland Bank of Savings (whose name was thereafter, by due order of court, changed to The Oakland Bank), as trustee, to secure the repayment of said note to plaintiff; . . . that in accordance with the provisions of said deed of trust, and after the due filing of a notice of default on July 6, 1925, in book 83 of official

records . . . of the county of San Joaquin, . . . as provided for in section 2924 of the Civil Code, . . . and after due posting and publication as provided for in said section 2924 of the Civil Code . . . and section 692 of the Code of Civil Procedure, . . . in full accordance with the terms and provisions of said deed of trust, and pursuant to law, the property described in said deed of trust was by the trustee therein named, sold on the 2d day of December, 1925, to the highest and best bidder therefor, at public auction; . . . that said sale was duly and regularly held in accordance with the terms and provisions of said deed of trust, and in accordance with law''; and that the net proceeds of the sale amounted to $1,852.77, which sum was credited on the promissory note, leaving a balance due the plaintiff of $11,945.76.

Judgment was entered in accordance with the findings and the defendant has appealed, bringing up the record by a bill of exceptions.

■ Appellant contends that its demurrer to the amended complaint should have been sustained. It must be conceded that such complaint is defective in failing to allege that the promissory note was secured by a trust deed. The note recites that it was so secured, but there is no direct allegation to that effect. The allegation in the answer, however, that the defendant executed the trust deed cures this defect in the complaint. (21 Cal. Jur. 277.) The complaint is far from being a model pleading in other respects but, when considered in connection with the denials and allegations of the answer, there is no uncertainty as to the real issues between the parties.

■ The plaintiff introduced in evidence, over the defendant's objection, a notice, dated July 1, 1925, signed by the plaintiff, addressed to the trustee, stating that the defendant was in default in making payments due on the note and requesting the trustee to sell the property pursuant to the provisions of the trust deed. No foundation was laid for the introduction of the writing, except testimony that it bore the signature of the plaintiff. Appellant contends that the admission of the writing was error. There is no evidence that the writing was not delivered to the trustee on the day it bears date. On July 2, 1925, the trustee executed and acknowledged the notice of default and of

election to sell the property required by section 2924 of the Civil Code. There is a disputable presumption that a writing is truly dated and that the ordinary course of business has been followed. (Code Civ. Proc., sec. 1963, subds. 23 and 20.) The trustee's deed was admitted in evidence without objection. It recites that the plaintiff "did . . . on July 1, 1925, authorize and direct in writing said The Oakland Bank, as such trustee named in said deed of trust, to sell the real property hereinbefore described." ▮ The trust deed provides that in the event of a sale of the property by the trustee the recitals in the trustee's deed "of default, request to sell, publication of notice of the time and place of sale, . . . and of any other fact or facts affecting the regularity or validity of such sale shall be conclusive evidence" of such facts against the defendant. If it be conceded that, as bearing on the issues in this case, such recital is not conclusive evidence but hearsay, it is sufficient to establish the fact recited, in the absence of any evidence to the contrary. (*Lucy* v. *Davis,* 163 Cal. 611, 615 [126 Pac. 490]; *Menefee* v. *Raisch Imp. Co.,* 78 Cal. App. 785, 789 [248 Pac. 1031].)

▮ The notice of default and of election to sell the property was signed by the trustee and not by the plaintiff. At the time the trust deed was executed section 2924 provided for the recordation of such a notice by "the mortgagee or beneficiary." (Stats. 1917, p. 300.) In 1923 (Stats. 1923, p. 755) this section was so amended as to provide for such recordation by "the trustee, mortgagee or beneficiary." The trust deed empowers the trustee, in case of default by the defendant, to sell the property "in the manner and upon the notices prescribed in section 2924 of the Civil Code." In *United Bank & Trust Co.* v. *Brown,* 203 Cal. 359, 362 [264 Pac. 482, 483], it is said: "When parties to such instruments provide therein that as to the method of their enforcement it shall be in accordance either with law generally or with the terms of a particular procedural statute, the provisions in such instrument thus providing must be interpreted to mean the law or the statute in the form in which it exists at the time of such enforcement." It appears, therefore, that the procedure followed. in this case is the proper one.

■ Complaint is made of certain rulings relating to evidence bearing on the execution of the promissory note and the findings in relation thereto. This complaint is without merit, as the execution of the note and the trust deed was admitted by the pleadings.

■ It is urged that it was prejudicial error to admit in evidence the deposition of Herbert C. Coblentz to the effect, among other things, that he posted copies of the notice of trustee's sale as required by law. There was other evidence, however, which was sufficient to show such posting, there being no evidence to the contrary. Another witness testified: "Each of 220 lots were posted, also posting made in three public places in the city." The trustee's deed, admitted in evidence without objection, as stated, recites with particularity, that copies of the notice of sale were duly posted as required by law. Even if hearsay, this recital is sufficient proof of posting. The other matters stated in the deposition were proved by uncontradicted evidence. It follows that if it was error to admit the deposition, the error was not prejudicial.

■ The court sustained the plaintiff's objection to evidence offered by the defendant to prove the value of the property sold under the trust deed. "Mere inadequacy of price is not sufficient ground for refusing to give full effect to such a sale as this," but where it is charged that the sale was fraudulent and unfair, evidence of great inadequacy of price is admissible. (*Winbigler* v. *Sherman*, 175 Cal. 270, 275 [265 Pac. 943]; *English* v. *Culley*, 85 Cal. App. 291, 297 [259 Pac. 355].) In this case the defendant did not allege that the sale was conducted unfairly or fraudulently. Plaintiff's objection to such evidence was made on the ground, among others, that it was "not within the isssues in this case, and the further ground there is no pleading . . . of any unfairness as to price." The objection was properly sustained.

■ Appellant contends that the evidence does not support the finding negativing the allegation in the answer that The Oakland Bank of Savings was without power or authority to act as trustee. It is sufficient to say that there is no specification of insufficiency of the evidence to justify the finding. (Code Civ. Proc., sec. 648; *Townsend* v. *Mercantile Inv. Co.*, 90 Cal. App. 213, 218 [265 Pac.

876].) The bill of exceptions does not purport to contain all of the evidence, but merely "all of the evidence . . . pertinent or material to all or any question or questions raised by defendant J. D. Millar Realty Company, in their motion for a new trial and it particularly contains all of the evidence raised by said defendant in its specification of errors and insufficiency of said evidence hereinafter set forth." Had the defendant's draft of the bill of exceptions specified that the evidence is insufficient to justify the finding in question, the plaintiff might have proposed amendments to the bill showing sufficient evidence to support the finding.

The only conclusion to be drawn from the record is that the contentions of the appellant are highly technical, devoid of substantial merit, and that the errors complained of have not resulted in a miscarriage of justice.

The judgment is affirmed.

Thompson (R. L.), and Plummer, J., concurred.