[S. F. No. 13414. In Bank.—May 20, 1931.]

T. L. ZEDAR, Respondent, v. G. E. DUKE et al., Appellants.

G. E. Duke, *in pro. per.*, for Appellants.

Owen D. Richardson and Donald B. Richardson for Respondent.

LANGDON, J.—This is an appeal by defendants from a judgment in favor of plaintiff in an action to quiet title. Plaintiff was the purchaser at a sale held by the trustee in accordance with the provisions of a deed of trust. Defendants claimed title under a deed from the defaulting owner, Viola Gonzales, whose interest was thus sold. At the trial plaintiff offered in evidence the original deed to Viola Gonzales, a deed of trust executed by her to Stockholders Auxiliary Corporation, as trustee, and the trustee's deed to plaintiff. After some testimony had been presented by both parties, the trial court gave judgment for plaintiff.

Defendants' chief contention is that plaintiff failed to make out a case in that no sufficient proof was offered to show that the trustee had carried out the sale in compliance with the terms of the deed of trust. Plaintiff did offer testimony on this issue, and the deed of trust provides that the recitals in a trustee's deed thereunder shall be conclusive against the trustor and his assigns. Under these

622

circumstances the trial court correctly held that the recitals in the instrument made a *prima facie* case. (*Roberts v. Colyear*, 179 Cal. 669, 672 [180 Pac. 937]; *Mersfelder* v. *Spring*, 139 Cal. 593 [73 Pac. 452].) Defendants did not rebut this case, and indeed, we have been unable to discover from the several briefs of defendants whether they are dissatisfied with the sale itself or merely with the proof of it offered by plaintiff.

Several other points are made by defendants, none of which are relevant or material. The judgment is affirmed.

Waste, C. J., Shenk, J., Seawell, J., Richards, J., and Curtis, J., concurred.

Rehearing denied.