[Civ. No. 5163.  Third Appellate District.—October 15, 1934.]

C. V. SEIDELL, Appellant, v. TUXEDO LAND COM-
PANY (a Corporation) et al., Respondents.

Paul A. Lindley for Appellant.

Aaron N. Cohen and C. K. Bonestell for Respondents.

HELD, J., *pro tem.*—This is a proceeding in equity to set aside a sale and deed executed pursuant thereto, purporting to have been made by trustees under power of sale conferred by a trust deed, being the same instrument involved in the case of *Seidell* v. *Tuxedo Land Co.*, 216 Cal. 165 [13 Pac. (2d) 686]. There the plaintiffs sought to enjoin the sale of the property secured by the trust deed, and relief was denied them. The sale now sought to be set aside herein was then had, and the purchaser thereat was the Stockton Abstract & Title Company. At the conclusion of plaintiffs' case, the court granted a nonsuit and this appeal by C. V. Seidell alone follows.

On the twenty-fifth day of August, 1925, J. R. Covington and Frances R. Covington, his wife, executed a deed of trust, wherein John Raggio and C. W. Hawks were named as trustees, to secure the payment of an indebtedness in the sum of $9,400 owing by the trustors to one Edward F. Harris, named in the instrument as beneficiary. This deed of trust was recorded in volume 97 of Deeds at page 313, Glenn County Records, on August 25, 1926, exactly one year after its execution. On the twenty-third day of January, 1930, the Covingtons executed to appellants herein a deed conveying to them the lands described in the deed of trust and in this instrument appears the following: "Subject to a deed of trust dated August 25, 1925, and recorded August 25, 1926, in Book 97 of Deeds of Trust at page 313." On

July 14, 1926, Harris, the beneficiary above named assigned the deed of trust and the indebtedness thereby secured to the Tuxedo Land Company. After default in payment, a sale, the validity of which appellant questions herein, was had, and on the ninth day of January, 1931, a deed was executed by John Raggio and C. W. Hawks, trustees, to the Stockton Abstract & Title Company. This deed contains recitals, which, if true, establish the validity of the sale, at which the grantee named in the deed became the purchaser. ■ The deed of trust provides that in a deed made by the trustees following a sale on default, the recitals therein: "as to the fact of default in payment, and as to the fact and legal sufficiency of the demand for sale, notice of breach and election to cause said property to be sold, recordation of said notice of breach and election to cause said property to be sold, lapse of said three months thereafter, notice of sale, publication and posting of notice of sale, postponement of sale, and notice thereof and conduct of sale (not in exclusion of unmentioned things)" shall be effectual, conclusive and final.

Such recitals, when contained in the trustees' deed, have been held to furnish *prima facie* evidence of the facts so set forth. (*Sorensen* v. *Hall*, 219 Cal. 680 [28 Pac. (2d) 667].) ■ The deed of the trustees containing such recitals was introduced in evidence here as a part of plaintiffs' case. Without contradictory evidence, the plaintiffs would thereby have themselves established the regularity of the sale by the trustees. But where there is evidence tending to show a state of facts contrary to those proven by the recitals in the trustees' deed, only that evidence which is favorable to the contention of the plaintiffs may be considered on a motion for a nonsuit. (*Estate of Little*, 46 Cal. App. 785 [189 Pac. 818].) ■ The appellant contends that certain depositions taken by him in another case (*Harris* v. *Seidell et al., post*, p. 410 [36 Pac. (2d) 1104]), the opinion in which is this day filed, establish a state of facts contrary to those shown to exist by the recitals in the deed of the trustee. These depositions were given by the two trustees, viz.: C. W. Hawks and John Raggio. They were admitted in evidence, subject to a motion to strike out, and at the close of the

plaintiffs' case, the motion being made, the depositions were stricken. The appellant assigns this as error. These depositions were taken in a case wherein Edward F. Harris was plaintiff and C. V. Seidell, Carrie Seidell, Alva Peterman and Jane Doe Peterman, his wife, were defendants, *supra.* In the pending action, the Seidells are plaintiffs, and aside from themselves and Edward F. Harris, one of the defendants, none of the defendants herein were parties to the action in which the depositions were taken. The action now before the court seeks to void a trustees' sale to the Stockton Abstract & Title Company, which is neither a privy to nor a successor in interest of Edward F. Harris. (Code Civ. Proc., sec. 2022.) Therefore, the depositions taken in the one case cannot be used in the other, and the ruling of the trial court in rejecting the depositions in this case was correct.

Appellant urges also that the depositions are admissible because of what he terms a consolidation of the two actions. The record shows that Honorable Ernest Weyand, the judge who heard an application for a temporary restraining order, directed that the actions be consolidated for purposes of trial. However, the trial was thereafter had before Honorable H. S. Gans, and he expressly declined to hear the cases together and proceeded to separate trials; in effect, vacating the order of consolidation theretofore made by Judge Weyand. This it was within the discretion of Judge Gans to do. (*Hill* v. *Peres,* 136 Cal. App. 132 [28 Pac. (2d) 946].) The depositions in the one case were therefore not admissible in the other.

The depositions having been properly excluded, the recitals in the deed of the trustees stand uncontradicted, and the sale must be held to have been regular. (*Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452]; *Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613 [130 Pac. 15]; *Roberts* v. *Colyear,* 179 Cal. 669 [180 Pac. 937]; *Turner* v. *Marshall,* 90 Cal. App. 345 [265 Pac. 860]; *Hopkins* v. *J. D. Millar Realty Co.,* 106 Cal. App. 409 [289 Pac. 221]; *Zedar* v. *Duke,* 212 Cal. 621 [299 Pac. 524]; *Southern etc. Co.* v. *Freer,* 120 Cal. App. 423 [7 Pac. (2d) 1113].)

The sale having been shown by the evidence adduced on behalf of plaintiffs to have been legally had, and there be-

ing no contradictory evidence, the judgment of nonsuit was proper, and the judgment must be and is affirmed.

Plummer, Acting P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 13, 1934.