[Civ. No. 10175. First Appellate District, Division Two.—August 29, 1936.]

MAUD G. LEONARD, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

John H. Leonard and Edward M. Leonard for Appellant.

Carl E. Day for Respondents.

NOURSE, P. J.—Plaintiff sued in equity to set aside a sale under a deed of trust covering four parcels of real property. Findings and judgment were adverse to plaintiff, and she has appealed upon typewritten transcripts.

Appellant states the question involved to be whether a sale is void where a single copy of the trustee's notice of sale was posted upon but one parcel of the four parcels covered by the deed of trust. The respondents, being dissatisfied with appellant's statement of the question involved,

have, in accordance with the rule, restated the question as follows:

"Where property is sold under a deed of trust providing that the recitals in the trustee's deed shall be conclusive proof of all matters recited, can such sale be set aside for alleged irregularity in the posting of notice upon the property where: (a) Plaintiff has not offered to do equity and pay the debt; (b) the trustee's deed recites that notice was given in the manner required by law and the deed of trust; and (c) the trial court found that notice of sale was given in the manner provided by law and the deed of trust?"

The material facts are that prior to 1927 the owners of the property involved were being foreclosed because of a loan then remaining unpaid. To save the property, $6,000 was borrowed from Mrs. Tracy which was used to purchase the property at the trustee's sale, and title thereto was placed in Mrs. Tracy's name as security for the loan. This loan with the interest thereon remained unpaid, and on December 1, 1932, a new note in the sum of $7,250 covering this unpaid principal and interest was executed in favor of Mrs. Tracy, and a deed of trust was delivered to the Bank of America as security for the note subject to prior mortgages upon the property in an amount in excess of $18,000. Payments of principal and interest upon this note being in default, the property was sold under the deed of trust on April 5, 1934. At that sale one of the parties in interest and attorney for the others announced that the sale was illegal and demanded a postponement. Only one bid was received, and the property was thereupon sold for the sum of $1,000 subject to the prior mortgages and unpaid taxes. The trial court found that the plaintiff herein was in substantial default in the payment of the indebtedness secured by the deed of trust, and that she has at no time offered to do equity or establish her willingness and ability to pay the indebtedness.

The appeal is controlled by the express rule that, where the plaintiff is the actor in a court of equity to obtain affirmative equitable relief, she is bound by the maxim that "He who seeks equity must do equity." In *Shimpones* v. *Stickney*, 219 Cal. 637, 649 [28 Pac. (2d) 673], it is said, "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt

secured. (See a long list of cases sustaining the equitable rule as variously applied collated in 10 Cal. Jur., p. 512 et seq.) It was clearly erroneous to quiet her title under the circumstances of her refusal to do equity.''

This was the consideration upon which the trial court based its judgment for the respondents. Though findings were made that notice of the sale was duly given and that the charges of fraud, undue enrichment and inadequacy of consideration were untrue, it would serve no purpose to recite the evidence on these issues or to discuss the legal question involved because appellant is out of court upon the first ground mentioned as well as upon the ground of estoppel by the recitals in the trustee's deed when viewed in the light of the stipulations in the deed of trust. These two subjects are fully covered in the opinion of the learned trial judge from which we quote:

''Plaintiff, by her present suit in equity, seeks to thereby set aside a sale of real property made pursuant to a power arising under a certain deed of trust, upon various and sundry grounds, embracing among others a claimed inadequacy of the price realized upon such sale, certain claimed irregularities in the conduct of the sale, and upon certain alleged deficiencies and irregularities attendant to the giving of the prescribed statutory notices of the said sale.

''On the conclusion of the trial the case was submitted to the court for decision upon the evidence and upon briefs to be filed on behalf of the respective parties. At that time the court impressed upon plaintiff's counsel that the particular and principal point upon which it desired to be further enlightened by her brief was with respect to the singular failure of her complaint and her evidence to in any manner or in any degree set forth or establish on her part either an offer to do the necessary equity requisite to her position or to in any degree indicate an ability on her part to equitably perform the definitely fixed obligations of her basic contract in the event the court should determine that her case was otherwise sufficient to warrant the exercise of the court's equitable powers of interposition to the extent prayed for.

''Now, while plaintiff has submitted upon several points relating solely to her grounds of attack upon the fairness and validity of the sale in question two excellent briefs which

are reflective of the industry and learning of her counsel, she has nevertheless signally failed and wholly omitted to in any manner tender any authority or discussion whatsoever upon the signal failure both of her complaint to offer to do the necessary equity which is so essentially prerequisite to the maintenance of her position, and of her evidence to in any degree establish her willingness and ability to perform the basic obligations of her contract. Her said established failures are, in the opinion of the court, fatal to the successful maintenance and establishment of her suit. Indeed, it is elementary that where a sale of the character in issue is not void but merely voidable, an offer to pay the debt upon which the suitor is in default is an essential prerequisite to equitable relief. (*American Trust Co.* v. *deAlbergaria,* 123 Cal. App. 76–78 [10 Pac. (2d) 1016]; *Williams* v. *Koenig,* 219 Cal. 656, 660 [28 Pac. (2d) 351].)

''In discussing just such a situation our Supreme Court, in one of its earliest decisions on the subject, said:

'' ' . . . It is apparent from the general tenor of the decisions that an action to set aside the sale, unaccompanied by an offer to redeem, would *not* state a cause of action which a court of equity would recognize.' (*Copsey* v. *Sacramento Bank,* 133 Cal. 659, at p. 662 [66 Pac. 7, 204, 85 Am. St. Rep. 238].)

''In giving determinative force to the application of the principle of equity-jurisprudence just enunciated, the court has taken requisite cognizance of the fact that it appears without any conflict that the plaintiff was both at the time of the exercise of the power of foreclosure and is now in substantial default in the performance of the obligation of her contract and that she has in no manner shown by the evidence any ability to presently relieve herself from such defaults. Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.

''In treating the sale under scrutiny as a voidable, and *not* a void sale, the court does so advisedly because plaintiff definitely covenanted in her deed of trust as follows, to-wit:

" 'The recitals in such deed (that is to say such deed as the trustee should execute in the exercise of his power upon the default of the grantor) of any matter or facts affecting the regularity or validity of said sale shall be conclusive proof of the truthfulness thereof and such deed shall be conclusive against all persons as to all matters there recited;' —and the deed executed by the trustee in the case at bar definitely recites as follows, to-wit:

" 'Said Trustee gave notice of the sale of said property stating the time and place thereof in compliance with the terms of said Deed of Trust and in the manner and for a term not less than that required by law for sales of real property upon execution by posting a copy of said notice, particularly describing said property, in a conspicuous place on the said property to be sold twenty (20) days before the date of said sale.'

"The covenant just quoted, and the recitals of the deed executed in pursuance thereof conclusively estop the plaintiff from claiming in respect to any matter embraced in said covenant or in the said recitals, that this was a void sale. For aside from the certain fact that similar provisions in deeds of trust have been repeatedly upheld as valid between the parties to such deeds, and to estop parties to such contracts from thereafter claiming otherwise (*Roberts* v. *Colyear,* 179 Cal. 669 [180 Pac. 937]; *Turner* v. *Marshall,* 90 Cal. App. 345 [265 Pac. 860]), is the further pregnant legal circumstance that section 3268 of the Civil Code directly provides that:

" 'Parties May Waive Provisions of Code. Except where it is otherwise declared, the provisions of the foregoing fifteen titles (*embraced within which is section 2924* relating to the giving of notice of sale and by adoption through reference, the manner of such giving as prescribed in sec. 692, Code Civ. Proc.) of this part, in respect to the rights and obligations of parties to contracts, are subordinate to the intention of the parties, when ascertained in the manner prescribed by the chapter on the interpretation of contracts; *and the benefit thereof may be waived by any party entitled thereto,* unless such waiver would be against public policy.'

"That the earlier herein quoted covenant was an intended waiver of the provisions of Section 2924 of the Civil Code, and of Section 692, C. C. P. (adopted by reference in said

Section 2924, C. C.), at least to the extent so plainly evidenced by the clear and comprehensive language of the covenant entered into by plaintiff, is not fairly open to dispute. Indeed waivers by implication in terms of far less obvious import have been repeatedly upheld under the provisions of Section 3268, C. C., *supra*. (*Vide* annotations to said section.)

"It follows with respect to the matters urged for the court's consideration by plaintiff that the sale in question was in no event a void sale; and as earlier herein pointed out, if the said sale be for any reason treated as voidable, nevertheless plaintiff is in no event entitled to have the same set aside through her own complete failure to offer to do equity. (*Annapolis Co.* v. *Wardman,* 41 Fed. (2d) 115 [59 App. D. C. 321].)"

The judgment is affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1936.