211 P.2d 156

AVIATION INDUSTRIES, Inc. v. EAST AND WEST INS. CO. OF NEW HAVEN, CONN.

No. 7508.

Supreme Court of Idaho.

Nov. 2, 1949.

Elder, Elder & Smith, Coeur d'Alene, for appellant.

Wm. S. Hawkins, Coeur d'Alene, E. L. Miller, Coeur d'Alene, for respondent.

PORTER, Justice.

This is an action to recover on a policy of insurance for damages to an aircraft. An aircraft belonging to the respondent was flown on July 23, 1946, from Coeur d'Alene to Boise. It was piloted by Herbert A. Buroker, president of the respondent. In landing at a Boise airport, the plane ground looped and was damaged by ground collision. One wing of the plane and other parts thereof were damaged. P. F. Padou, adjusting representative of the appellant, was called to examine the plane. By mutual arrangement the plane was left with the Aircraft Service Company in Boise for repair. There was some discussion as to whether or not a new wing should be installed or the old one repaired, and as to the estimated costs respectively. Mr. Buroker then returned to Coeur d'Alene.

A new wing was installed by the Aircraft Service Company. Neither Mr. Padou nor Mr. Buroker ordered the installation of a new wing. However, it appears in the record that the Aircraft Service Company called Mrs. Gladys Buroker, Secretary-Treasurer of respondent, over the telephone about August 19, 1946, with reference to the installation of a new wing and she told the company "to order whatever was needed to get the airplane flying again. If it was a new wing, that is what he should order." .

The aircraft was delivered to respondent March 12, 1947, together with a bill for $2,717.94 for repairs and replacements, which bill was paid by respondent. The appellant having refused to reimburse the respondent, this action was instituted for the recovery of such sum, less $300 cash deductible as provided by the policy. After

the institution of the suit, a rebate was received by respondent from the Fairchild Manufacturing Company in the sum of $286.95 to cover cost of repairing defects in the new wing furnished by the manufacturing company. By its answer, appellant admitted that the damage to said airplane amounted to the sum of $1,665.72 and tendered said sum, less the crash deductible, in full settlement of respondent's claim. A trial was had to the court sitting without a jury which resulted in a judgment in favor of respondent in the sum of $2,130.99 with interest thereon from March 13, 1947, together with costs in the sum of $16.10. From such judgment appellant prosecutes this appeal.

By assignments of error Nos. I to V, inclusive, the appellant attacks the court's finding that the reasonable and necessary cost of repairing the aircraft was the sum of $2,717.94. First, appellant complains that the respondent did not plead and prove that the amount paid for repairs was a reasonable and ordinary charge for the work done. Appellant did not demur specially to the complaint and does not pursue the contention that the complaint was insufficient. As to the proof, it appears from the record that an itemized statement of the repairs and replacements made with the itemized cost thereof, was introduced in evidence without objection on the part of the appellant. The itemized statement by the company making the repairs was some evidence tending to show that the

amount paid was the reasonable value of the repairs and replacements made. The evidence was sufficient in this respect. Baldwin v. Mittry, 61 Idaho 427, 102 P.2d 643; Laubscher v. Blake, 7 Cal.App.2d 376, 46 P.2d 836; Menefee v. Raisch Improvement Co., 78 Cal.App. 785, 248 P. 1031; Dewhirst v. Leopold, 194 Cal. 424, 229 P. 30; Townsend v. Keith, 34 Cal.App. 564, 168 P. 402.

Second, with the exception of the purchase price and cost of installation of the new wing, appellant does not appear to contend that the repairs made to the airplane were not necessary. It appears to be the position of appellant that the damaged wing should have been repaired; that when repaired, the wing would have been in substantially as good condition as it was prior to the accident; that the cost of repairing the damaged wing would have been less than the purchase price and cost of installation of the new wing; and that the cost of restoring the aircraft by repairing the damaged wing is the measure of appellant's liability. The $1,665.72 tendered by appellant represents the estimated cost of restoring the aircraft if the old wing had been repaired.

The real issue in this lawsuit is whether or not appellant is liable for the difference in price between the cost of purchase and installation of the new wing, and the estimated cost of repairing the damaged wing.

It must be conceded that under the policy of insurance in question, appellant

is only liable for the reasonable value of the necessary repairs and replacements to restore the damaged aircraft, and to place the same in substantially as good condition as prior to the accident. Where this result could be effected by repair of damaged parts, then the measure of appellant's liability would be the reasonable cost of such repair. Where the parts were damaged to the extent that repair could not restore them to substantially the same condition of fitness for the purposes for which they were used, as they were prior to the accident, then appellant would be liable for the reasonable value of replacing such parts, in order that the aircraft might be placed in substantially as good condition as prior to the accident.

■■■ The aircraft had been supplied with new wings shortly before the accident. The damaged wing was substantially a new wing. There was conflicting evidence as to whether the damaged wing, if repaired, would be substantially as good as a new wing. The serious consequences of the failure of the wing of an airplane to withstand the strains and stresses to which it is subjected, is a factor which might well have been considered by the trial court. Whether a new wing was necessary to place the aircraft in a condition substantially as good as prior to the accident, or whether the damaged wing could have been repaired and have been made substantially as good and fit for its purpose as prior to the accident, were questions of fact decided by the trial court adversely to appellant upon competent although conflicting evidence, and its decision thereon will not be disturbed. Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585.

■■■ It does appear that the trial court's finding that the necessary cost of repairs to said airplane was $2,717.94, was not technically correct, as $286.95 of such sum was for work made necessary by the defective condition of the new wing furnished. However, such sum was rebated by the Fairchild Manufacturing Company and credit given appellant for such amount in the findings and judgment. The error in no way prejudiced appellant.

■■■ By specifications of error Nos. VI and VII, appellant complains of the allowance of interest and costs to the respondent on the ground that no interest after the tender by appellant, and no costs should have been allowed. This would be true if the court had found that the amount due was the amount of the tender. However, where the amount found due by the court was in excess of the tender, then, costs were properly allowable. Section 12-110, I.C. Also, the amount tendered being less than the amount found due by the court, such tender did not estop the accumulation of interest upon any part of the debt. Smith v. Faris-Kesl Const. Co., 27 Idaho 407, 150 P. 25.

Specification of error No. VIII merely complains that the court failed to make a

finding of fact in favor of appellant's contention.

Finding no reversible error in the record, the judgment of the trial court will be affirmed. Costs to respondent.

HOLDEN, C. J., and GIVENS, TAYLOR, and KEETON, JJ., concur.