BENJAMIN L. ORTIZ CO., a Nevada Corporation, Appellant, *v.* HOTEL FLAMINGO, Inc., a Nevada Corporation, Respondent.

No. 4270

June 20, 1960        353 P.2d 268

*John W. Bonner,* of Las Vegas, for Appellant.

*Morse, Graves & Compton* and *James H. Phillips,* of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

Appellant, plaintiff in the trial court, sought judgment against respondent in the sum of $1,813.23 as the reasonable value of surveying services alleged to have been

performed and materials furnished in connection therewith, at the special instance and request of respondent.

The trial court denied the relief sought by appellant and entered judgment in favor of respondent. This is an appeal from that judgment and also from the order denying appellant's motion for new trial.

Appellant had sought to prove that one Garvin, chief engineer for the large, resort-type hotel operated by respondent, was acting as agent for respondent when he contracted with appellant to perform the surveying services.

However, the basis of the trial court's decision and judgment on the merits and also for its denial of the motion for new trial, was that appellant had failed to prove that the surveying services had been performed at the request of respondent. The court, sitting without a jury, in finding appellant's proof concerning Garvin's agency to be insufficient, indicated its view of the evidence as showing that a certain firm of architects, rather than respondent, had engaged appellant's services. Thereafter, appellant took the deposition of one Honnold, a member of the architectural firm referred to by the court, and used it in support of the motion for new trial. Appellant introduced the architect's deposition for the purpose of clarifying the testimony of one Parvin, president of respondent corporation, which testimony was readily susceptible to the interpretation that respondent had paid the architects for the surveying services rendered by appellant. The additional objective sought to be attained through the architect's testimony was to rebut Garvin's testimony in which he disclaimed having participated in contracting for appellant's services.

Garvin had testified that he had introduced Ortiz to the two men representing the architects, "* * * the people who wanted the survey—they were out there, and they would show him [Ortiz] what they wanted done." His testimony had denied any recollection of the particular conversation which had taken place when appellant's bill for services was presented to Parvin by appellant's representative. Testimony produced on behalf of appellant had been that, although Parvin had then informed

appellant's representative in Garvin's presence that respondent had not authorized the services and would not pay for them, Garvin thereafter requested an itemized bill from appellant and suggested to Ortiz that the amount of the bill be reduced, stating that the "Flamingo people" considered it excessive. Appellant also had produced testimony that, on a previous occasion, Garvin had engaged appellant to do surveying for the hotel and that respondent had paid appellant $255.49 for the same, about May 29, 1958. This date of payment was only a few days prior to the discussions had between Garvin and Ortiz and the architects' representatives. Although Parvin did not deny the May 29, 1958 payment, he stated that any such payment, if made, would have been made only after certain hotel procedures relating to the authorization of work had been complied with. No hotel records substantiating this contention were produced and Ortiz testified he had no knowledge of any such requirements.

Honnold's deposition denied that the architects had contracted for appellant's services. He also testified as an expert witness concerning customary practice in the locality that the owner, rather than the architect, paid for "engineering costs" and that the architects had not received any payment from respondent for services in connection with the proposed convention hall. In that connection he testified that his firm had not presented any bill to respondent for such services and, by way of explanation, stated that he considered any services which had been so rendered a relatively small matter. His testimony was that his firm, however, had been paid for services in connection with the construction of a new wing for about 92 rooms added to respondent's hotel after the convention hall project had been abandoned by respondent.

The written decision of the trial court denying the motion for new trial states that Honnold's testimony had the effect of reconciling in the mind of the court any apparent contradiction of testimony relating to payment of architect's fees by respondent. Such decision pointed out that Honnold's testimony and certain affidavits also used in support of the motion did not suffice to change

the previously expressed view of the court that appellant had failed to prove agency on the part of Garvin.

If it be conceded that there was failure of proof of an express agency existing between respondent as principal and Garvin as agent, there was before the trial court evidence in support of an ostensible agency on the part of Garvin. Such evidence showed the performance of the prior surveying services by appellant at the instance of Garvin, and that the same had been paid for by respondent. In Harrah v. Home Furniture, 67 Nev. 114, 117, 214 P.2d 1016, 1017, this court said, " '[A] single act of the agent and a recognition of it by the principal may be so unequivocal and of so positive and comprehensive a character, as to place the authority of the agent to do similar acts for the principal beyond any question. The value of such proof does not depend so much on the number of acts as upon their character.' " However, the trial court, in entering judgment in favor of respondent, apparently considered the previous occasion of payment insignificant compared to the present situation where the value of the services was claimed to be $1,813.23, and found that appellant had not made a sufficient showing of any actual or apparent authority on the part of Garvin to bind respondent to a contract requiring payment of such a sum. Later, even with the testimony of Honnold before it, the trial court denied appellant's motion for a new trial. Although, as triers of the facts, by reason of the evidence relating to ostensible agency on the part of Garvin, we might have come to a different conclusion, such consideration does not permit us to disturb the judgment of the court as substantial evidence supports both the findings and such judgment. Mahan v. Hafen, 76 Nev. 220, 351 P.2d 617. In denying the motion for new trial the court was within the exercise of its discretion and no abuse of that discretion appears.

Judgment affirmed.

McNAMEE, C. J., and BADT, J., concur.