BENJAMIN L. ORTIZ CO., A NEVADA CORPORATION, AND BENJAMIN L. ORTIZ, INDIVIDUALLY, APPELLANTS, *v.* DON GARVIN, RESPONDENT.

No. 4444

April 11, 1962                                    370 P.2d 675

*John W. Bonner,* of Las Vegas, for Appellants.

*Morse & Graves,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Appellants performed certain engineering work on the grounds of the Hotel Flamingo in Las Vegas. The work consisted chiefly of surveys in connection with the proposed construction of a convention hall for the hotel, and the reasonable value of such surveys was $1,813.23. When Hotel Flamingo, Inc., refused to pay for the work, suit was brought against the hotel unsuccessfully, it being determined therein that the hotel had never authorized the work. The judgment was affirmed by this court in Ortiz Co. v. Hotel Flamingo, 76 Nev. 325, 353 P.2d 268.

In the present action appellants allege that the respondent, while representing himself to them as the duly authorized agent of Hotel Flamingo, Inc., employed them to perform the specified engineering work on the hotel grounds; that appellants acted on said representation believing it to be true, and by reason of respondent's unauthorized acts, appellants have not been compensated for the services performed under said employment.

The lower court found that respondent during the time herein mentioned had been employed by the hotel as its chief engineer, but that the planning of the convention hall was not one of his duties; that two members of an out-of-state architectural firm had come to Las Vegas to make an on-the-site study of the site under consideration; that respondent had informed Mr. Ortiz when the architects would be at the hotel and, when they arrived, he introduced Mr. Ortiz to them; that appellants at one time had been employed by the hotel to do some engineering work in connection with some minor construction at the hotel; that Mr. Ortiz did not discuss the terms of any employment with the architects, the respondent, or with any of the officials of the

hotel, "nor did he question the defendant [respondent] concerning his authority to employ engineering services"; and that appellants performed the engineering services which constitute the basis for the present suit. All the foregoing findings are supported by competent evidence.

In order to have been successful in the court below, it was incumbent upon appellants to prove, as alleged, that respondent employed appellants to do the engineering work while representing to them that he was authorized so to do by the Hotel Flamingo, Inc.

The record is silent as to any express representation on the part of respondent that he was authorized by the hotel to employ appellants to do the survey work. Mr. Ortiz and one Springer, his surveyor, testified as to conversations and conduct of respondent from which it could be inferred that appellants were hired to do the work by the hotel. On the other hand, respondent testified that he expressly told Ortiz that the architectural firm wanted to have the survey work done and that his only connection with the work was to introduce Ortiz to the architects when they arrived in town. Respondent denied positively ever authorizing or instructing Ortiz to do the survey on behalf of himself or the hotel. When called as an adverse witness, Ortiz admitted that he had stated under oath in a prior proceeding that respondent "merely introduced us to the two representatives and turned us over to them and we listened and took notes."

With such conflict in the evidence, the court could conclude as it did that the appellants had not proved by a preponderance of the evidence that the defendant by words or conduct represented to appellants that he was the duly authorized agent of Hotel Flamingo, Inc., for the purpose of procuring the engineering services of appellants. The lower court properly could believe the testimony of respondent and disbelieve the testimony of appellant Ortiz and his surveyor, Springer. In so doing, the elements of misrepresentation and reliance

thereon necessary for tort liability under the allegations of the complaint are both lacking. There is no evidence to show that respondent at any time employed appellants on his own behalf.

We find no merit in the contention of appellants that the findings of fact do not support the conclusions of law and judgment, or that the conclusions and judgment are contrary to the evidence.

Evidence of a prior contract between the Hotel Flamingo, Inc., and appellants, negotiated by respondent, was relevant to ostensible authority only and thus was properly received in the action of Ortiz Co. v. Hotel Flamingo, supra. This evidence was excluded in the present case and although such exclusion was assigned as error in appellants' briefs, appellants concede in oral argument that such exclusion was not improper, because evidence of ostensible authority is not material to an allegation that respondent misrepresented his authority in connection with the survey work.

The refusal of the court to admit in evidence a deposition which had been taken in connection with the said suit of Ortiz Co. v. Hotel Flamingo and which was received in evidence on motion for a new trial in that case was not error, because respondent was not a party in that suit, and he had no opportunity to examine the deponent. NRCP 26(d). The action of the trial court in this regard was proper. Seidell v. Tuxedo Land Co., 1 Cal.App.2d 406, 36 P.2d 1102.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.